The STATE of Ohio, Appellee,

v.

WELLS, Appellant.

[Cite as *State v. Wells* (1992), 83 Ohio App.3d 147.]

Court of Appeals of Ohio,
Scioto County.

No. 1976.

Decided Oct. 15, 1992.

148

*Lynn Alan Grimshaw,* Scioto County Prosecuting Attorney, for appellee.
*Joseph L. Hale,* for appellant.

PETER B. ABELE, Judge.

This is an appeal from a judgment of conviction and sentence entered by the Scioto County Common Pleas Court. The jury found Mark Wells, defendant below and appellant herein, guilty of aggravated assault in violation of R.C. 2903.12.

Appellant assigns the following errors:

First Assignment of Error:

"The trial court committed reversible error by denying the defendant-appellant's counsel's request pursuant to Evidence Rule 612 to review written statements which the witness has used to refresh his recollection while testifying during the jury trial."

Second Assignment of Error:

"The trial court erred in denying defense counsel's motion for a mistrial on the grounds that the prosecutor had failed to provide to the defendant evidence that was favorable to the defendant as required by Rule 16(B)(1)(f) of the Ohio Rules of Criminal Procedure."

Eric Lewis testified that while he was driving his car during the early morning hours of January 12, 1991, he noticed a pedestrian spit on the car. Lewis stopped, exited the car, and confronted appellant, the pedestrian. After the two men exchanged words and Lewis thought the incident was over, appellant struck Lewis "under the chin to the top of my head." Lewis then grabbed appellant and hit him two or three times. Appellant left the scene of the incident.

Lewis noticed blood dripping down his face. He discovered appellant had used a knife to cut him from his chin to the top of his head. Lewis went to the hospital emergency room and received sixty-six stitches in the chin and face.

Lewis's friend, Larry Brunner, testified he was with Lewis during the incident. At one point, appellant pulled the knife on Brunner. Although Brunner admitted he did not see whether Lewis or appellant threw the first punch, Brunner testified Lewis did not attack appellant.

Portsmouth Police Department Sergeant Bruce Barney investigated the incident. He testified appellant gave him a written statement denying he was involved in any altercation that night. Appellant also denied having any knowledge of how his jacket became blood-stained. An Ohio Bureau of Criminal Identification and Investigation agent testified the blood stains on the jacket matched Lewis's blood type.

Appellant denied spitting on the car. He testified he knifed Lewis in self-defense. Appellant claims fear caused him to tell the police, "I wasn't even around there at the time" and that he "never saw any knife." Appellant admitted he threw the knife in a pile of clothes when the police arrived to question him.

The two men who were walking with appellant when Lewis stopped his car testified Lewis accused appellant of spitting on the car. Donnie Hamilton further testified Lewis threw the first punch. David Kelly did not specify who threw the first punch.

The grand jury indicted appellant for felonious assault in violation of R.C. 2903.11(A)(1). The jury found appellant guilty of the lesser included offense of aggravated assault in violation of R.C. 2903.12.

Appellant filed a timely notice of appeal.

I

In his first assignment of error, appellant asserts the court erred by denying his counsel's Evid.R. 612 request to review Lewis's and Brunner's written statements that Sergeant Barney used to refresh his recollection while testifying at trial.

Appellee argues appellant's attempted employment of Evid.R. 612 was merely a ruse to enable appellant to see the otherwise unavailable statements. Appellee notes the court had earlier determined, pursuant to Crim.R. 16(B)(1)(g),[1] that

---

1. Crim.R. 16(B)(1)(g) provides:
   "Disclosure of evidence by the prosecuting attorney.
   "(1) Information subject to disclosure.
   " * * *
   "(g) In camera inspection of witness' statement. Upon completion of a witness' direct examination at trial, the court on motion of the defendant shall conduct an in camera inspection of the witness' written or recorded statement with the defense attorney and prosecuting attorney present and participating, to determine the existence of inconsistencies, if any, between the testimony of such witnesses and the prior statement.

Lewis's statement was not inconsistent with his testimony. Appellee also notes the court had earlier determined, pursuant to Evid.R. 612, that appellant could not review the entire police file in Barney's possession as he testified.[2] The court reasoned that Barney did not refer to the entire file during his testimony, but only referred to two items in the file—a time summary and the arrest slip. Thus, appellee argues, appellant was not entitled to see the statements in that file.

We note appellant's attorney admitted he would ask Barney certain questions on cross-examination to force Barney to refresh his memory by looking at the statements. Appellant's attorney stated on the record:

"* * * I'm sure I can go back in the court room and ask questions of such detail that it would require him to make further use of that file. * * *"

Appellant went back into the courtroom and asked detailed questions as follows:

"Q. On the statement that * * * I assume you took a written statement from Eric Lewis?

"A. Yes, I did.

"Q. On that statement anywhere do the Miranda Rights appear?

"A. We have two different statement forms. One it does and one it does not. I don't recall at this time which particular form I used that day.

"Q. *Could you please check your file and review it to see whether or not there's any statement* * * * *Miranda statement on that, since you don't recall?*

"MR. GRIMSHAW: May it please the Court, I'm not sure what this line of questioning is leading to. The Court already reviewed Mr. Lewis's statement.

"THE COURT: I think the question was what time the statement was given.

"MR. HALE: No. Whether there were Miranda Rights or Miranda Warnings on the statement.

"THE COURT: I will overrule it at this time.

"Q. Would you review your file?

"A. The voluntary statement that Eric Lewis filled out, yes, it does have the Miranda Warnings basically on it.

"Q. I believe you also took statements from Larry Brunner?

---

"If the court determines that inconsistencies exist, the statement shall be given to the defense attorney for use in cross-examination of the witness as to the inconsistencies.
"If the court determines that inconsistencies do not exist the statement shall not be given to the defense attorney and he shall not be permitted to cross-examine or comment thereon.
"Whenever the defense attorney is not given the entire statement, it shall be preserved in the records of the court to be made available to the appellate court in the event of an appeal."

2. We note appellant does not appeal this earlier Evid.R. 612 determination.

"A.   That's correct.

"Q.   And does that statement contain Miranda Warnings on it?   And do you know the answer to that?

"A.   I would assume * * * I don't know the answer, but I assume I would have used the same statement form.

"Q.   *I don't want you to assume.   You examine the statement of Larry Brunner.*

"A.   Okay.   Yes, it does.

"Q.   Thank you.

"MR. HALE: Your Honor, again, for the record, since the witness has used those two statements to refresh his recollection, I would like to examine them." (Emphasis added.)

The court denied appellant's second Evid.R. 612 attempt to see Lewis's and Brunner's written statements in the police file.

Evid.R. 612 provides in pertinent part:

*"Except as otherwise provided in criminal proceedings by Rule 16(B)(1)(g) and 16(C)(1)(d) of Ohio Rules of Criminal Procedure, if a witness uses a writing to refresh his memory for the purpose of testifying, either:   (1) while testifying; * * * an adverse party is entitled to have the writing produced at the hearing.* * * * If it is claimed that the writing contains matters not related to the subject matter of the testimony the court shall examine the writing *in camera,* excise any portions not so related, and order delivery of the remainder to the party entitled thereto.   Any portion withheld over objections shall be preserved and made available to the appellate court in the event of an appeal.   * * *"* (Emphasis added.)

Evid.R. 612 requires the court to order delivery of the portions of a writing that an adverse witness used to refresh his recollection while testifying.   The rule, however, expressly states it does not apply to statements governed by Crim.R. 16(B)(1)(g).

In the case *sub judice,* Lewis's and Brunner's statements were governed by Crim.R. 16(B)(1)(g).   Crim.R. 16 and not Evid.R. 612 controls the availability to defense counsel of witnesses' statements.   Under the circumstances, appellant may not use Evid.R. 612 as an additional method of discovery.   See Staff Notes, Evid.R. 612.

Assuming, *arguendo,* Evid.R. 612 did not except Crim.R. 16(B)(1)(g) statements from its scope, we would find no reversible error.   We note appellant asked Barney to look at the statements solely to discover whether the statement forms contained *Miranda* warning language.   The question of whether the

statements contained such language bears no relation to the merits of the case *sub judice.* As appellant's counsel readily admitted at trial, he posed the questions solely to compel Barney to look at the statements. We find Barney's answers to the questions are irrelevant to the facts and arguments raised in this case; appellant's sole purpose was to require the witness to review the statement so appellant could assert that Evid.R. 612 applied and that he was entitled to view the statements.

The drafters of Evid.R. 612 wisely decided the rule must not apply to admit matters unrelated to the testimony of a witness. The rule provides in pertinent part:

" * * * If it is claimed that the writing contains matters not related to the subject matter of the testimony the court shall examine the writing *in camera,* excise any portions not so related, and order delivery of the remainder to the party entitled thereto. * * *"

Appellant may not use Barney's testimony about the *Miranda* warning language on the statements to admit the other portions of the statements.

Lastly, we note Barney accurately answered the questions posed by appellant's counsel. The statement forms used by Lewis and Brunner both contained the *Miranda* warning language. Thus, we find appellant suffered no prejudice as a result of his inability to use the statements to challenge Barney's testimony about the *Miranda* warning language.

Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

## II

In his second assignment of error, appellant asserts the court erred by denying the motion for a mistrial he made on the grounds the prosecutor had failed to provide him with favorable evidence as required by Crim.R. 16(B)(1)(f).[3] Appellant argues the state should have provided him with a favorable statement appellant's witness Kelly made to Barney. Appellant contends Kelly's statement indicates Lewis, and not appellant, was the aggressor in the incident.

First, we note appellant did *not* move for a mistrial based upon the prosecutor's failure to provide him with *Kelly's* statement. We will assume, for purposes

---

3. Crim.R. 16(B)(1)(f) provides:
   "Upon motion of the defendant before trial the court shall order the prosecuting attorney to disclose to counsel for the defendant all evidence, known or which may become known to the prosecuting attorney, favorable to the defendant and material either to guilt or punishment. The certification and the perpetuation provisions of subsection (B)(1)(e) apply to this subsection."

of this assignment of error, that appellant meant to assign as error the trial court's failure to grant the motion for mistrial he made on the grounds the prosecutor failed to provide him with a statement by his witness *Hamilton.*[4]

Appellant moved for a mistrial at the conclusion of the prosecutor's cross-examination of Hamilton. During that cross-examination, Hamilton: (1) acknowledged he told police officers that Lewis threw the first punch; and (2) denied remembering he told the police officers that appellant "was bragging about cutting [Lewis] and said 'no one was going to mess with him.' " Appellant's counsel requested a mistrial as follows:

"Your Honor, at this point I'm going to move for a mistrial. The Prosecutor, Mr. Grimshaw, is under an affirmative obligation to give me anything favorable to the defendant, my client. He's been in possession of a statement in which Donnie Hamilton told Sgt. Barney that he thought that Eric threw the first punch. That clearly is evidence favorable to my client. I was not provided with that. I was not told about the fact of that statement. I think in view of that a mistrial is appropriate in this case, and I want to make that motion."

In *State v. Glover* (1988), 35 Ohio St.3d 18, 517 N.E.2d 900, the court discussed how an appellate court should review an assignment of error concerning a motion for mistrial. The court wrote:

" * * * In evaluating whether the declaration of a mistrial was proper in a particular case, this court has declined to apply inflexible standards, due to the infinite variety of circumstances in which a mistrial may arise. * * * *This court has instead adopted an approach which grants great deference to the trial court's discretion* in this area, in recognition of the fact that the trial judge is in the best position to determine whether the situation in his courtroom warrants the declaration of a mistrial." (Emphasis added.)

In *State v. Montgomery* (1991); 61 Ohio St.3d 410, 413, 575 N.E.2d 167, 170, the court followed established law on what constitutes an abuse of discretion:

"The term 'abuse of discretion' ' * * * connotes more than error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * *' *State v. Adams* (1980), 62 Ohio St.2d 151 [16 O.O.3d 169, 404 N.E.2d 144] * * *." See also, *State v. Moreland* (1990), 50 Ohio St.3d 58, 552 N.E.2d 894, and *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715.

In the instant case, we find no abuse of discretion with the trial court's decision denying appellant's motion for mistrial. The trial court's decision was not unreasonable, arbitrary, or unconscionable. Appellant raised no objection to the

---

4. Although appellant refers to witness "Kelly," the pertinent portion of the transcript contains Donnie Hamilton's testimony.

lack of discovery until after the prosecutor finished cross-examining Hamilton. If appellant had raised an objection when the prosecutor first mentioned the undiscovered statement, the court could have prohibited the prosecutor from using the statement during cross-examination. The court could have also granted appellant a continuance to examine the statement, speak to Hamilton, and perhaps conduct more direct examination before the prosecutor could cross-examine Hamilton about the statement. Crim.R. 16(E)(3) provides:

"Failure to Comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, *the court may* order such party to permit the discovery or inspection, *grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.*" (Emphasis added.)

In view of the fact appellant failed to object until after the prosecutor completed the cross-examination, we find that the court did not abuse its discretion when denying appellant's motion for mistrial. See, generally, *State v. Williams* (1977), 51 Ohio St.2d 112, 117, 5 O.O.3d 98, 101, 364 N.E.2d 1364, 1367.

■ Assuming, *arguendo,* that this issue was properly before us, we conclude appellant's assertion is without merit. Appellant contends the prosecution failed to provide him with favorable evidence. In *State v. Jackson* (1991), 57 Ohio St.3d 29, 33, 565 N.E.2d 549, 555, the Ohio Supreme Court wrote:

"In *State v. Johnston* (1988), 39 Ohio St.3d 48, 529 N.E.2d 898, we recognized that suppressing material evidence favorable to an accused violates due process regardless of the prosecutor's good or bad faith. See *Brady v. Maryland* [ (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215], *supra.*

"*State v. Johnston* further held that:

" 'In determining whether the prosecution improperly suppressed evidence favorable to an accused, such evidence shall be deemed material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. * * *' *Id.* at paragraph five of the syllabus.

"The *Brady* test, applied in *State v. Johnston, supra,* is stringent. 'The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish "materiality" in the constitutional sense.' *United States v. Agurs* (1976), 427 U.S. 97, 109–110, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 [353]; see *United States v. Bagley* (1985), 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481."

Thus, evidence is material only if there is a reasonable probability that had the evidence been disclosed to the defense, the result of the proceeding would have been different. *State v. Johnston, supra; United States v. Bagley* (1985), 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* at 682, 105 S.Ct. at 3383, 87 L.Ed.2d at 494.

In the case *sub judice*, appellant contends appellee failed to provide appellant with Hamilton's prior statement and that if this evidence had been disclosed, the result of the trial would have been different. We disagree. Hamilton's trial testimony did not differ from the statement he gave to the police prior to the trial. We are not persuaded that if the prosecution had provided Hamilton's statement to appellant, a reasonable probability exists that the result of the trial would have been different.

Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.

*Judgment affirmed.*

HARSHA, J., concurs.

GREY, J., dissents.

GREY, J., dissenting.

I respectfully dissent, as I have done consistently in the past, on the grounds that if we do not enforce the Rules of Evidence or the rules of discovery, we will not have the Rules of Evidence or the rules of discovery.

The majority holds that the defendant was not prejudiced by these errors, but considering the fluid and amorphous nature of the thing we call a trial, I am not so convinced. I am convinced, however, if an absolute showing of prejudice is the standard needed to establish reversible error, then trial attorneys need not follow the rules of discovery or the Rules of Evidence, but only avoid prejudicing the other party. I think it was intended that the rules would be complied with by trial counsel and it was intended that they would be enforced by the courts.

Thus, thinking that way, I must dissent.