**CITY OF SIDNEY, Appellee,**

v.

**LITTLE, Appellant.**

[Cite as *Sidney v. Little* (1997), 119 Ohio App.3d 193.]

Court of Appeals of Ohio,
Third District, Shelby County.

No. 17–96–24.

Decided April 15, 1997.

194

*Tonya Thieman,* City Prosecutor, for appellee.

*W. Lynn Swinger,* for appellant.

EVANS, Presiding Judge.

This appeal was originally placed on the accelerated calendar; however, pursuant to Loc.R. 12(5), we elect to issue the following opinion in this case.

Richard A. Little ("appellant") appeals the decision of the Municipal Court of Sidney denying his motion to dismiss a charge of driving under the influence on double jeopardy grounds.

Appellant was arrested on April 2, 1996, for operating a motor vehicle while under the influence of alcohol in violation of Sidney City Ordinance 333.01(A)(1). Appellant entered a plea of not guilty and on September 24, 1996, the case came on for trial. During the voir dire, defense counsel made a comment that appellant had no prior driving record. The prosecution objected on the ground that the comment was improper. The trial court sustained the objection and instructed the jury to disregard the remark. After the jury was impaneled, opening statements commenced. During the opening statement of the defense, counsel again made a reference to his client's clean driving record, stating that his client would testify at trial that he never had a traffic ticket before in his life. Again, the prosecutor objected on the grounds that the remark was improper and highly prejudicial and requested a mistrial. Defense counsel argued that appellant's driving record was admissible evidence pursuant to Evid.R. 404 and 405. Unpersuaded by the defense argument, the trial court granted a mistrial.

After the motion for mistrial was granted, appellant moved to dismiss the charge of operating a motor vehicle while under the influence of alcohol, claiming that further prosecution on the charge would violate his right under the United States and Ohio Constitutions to be free from double jeopardy. The motion was denied by the court on October 16, 1996. Appellant subsequently pled no contest to the charge and was convicted in December 1996. The sentence imposed by the trial court has been stayed pending this appeal.

Appellant asserts the following assignment of error on appeal:

"The trial court erred in granting a mistrial and in overruling defendant's motion to dismiss on the grounds of double jeopardy."

■ Under the Double Jeopardy Clause, the issue of whether subsequent prosecution can be had after a mistrial has been declared is dependent on two things: first, whether jeopardy has attached and, second, whether, if jeopardy has attached, a retrial is barred by the Constitution or falls within an exception.

■ Jeopardy will attach "so as to preclude subsequent criminal proceedings at different points in time depending on the nature of the proceeding in question." *State v. Gustafson* (1996), 76 Ohio St.3d 425, 435, 668 N.E.2d 435, 443, citing *Crist*

*v. Bretz* (1978), 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24. As in the present case, "[w]here a criminal defendant has invoked the right to trial by jury, jeopardy does not attach so as to preclude subsequent criminal proceedings until the jury is impaneled and sworn." *Gustafson* at 435, 668 N.E.2d at 443. Clearly, jeopardy had attached in appellant's case since the jury was impaneled and opening statements had commenced.

"[I]n cases in which a mistrial has been declared prior to verdict, the conclusion that jeopardy has attached begins, rather than ends, the inquiry as to whether the Double Jeopardy Clause bars retrial." *Illinois v. Somerville* (1973), 410 U.S. 458, 467, 93 S.Ct. 1066, 1072, 35 L.Ed.2d 425, 433. Therefore, whether a subsequent prosecution of appellant could proceed depends on whether an exception applies to the double jeopardy bar. In cases where a mistrial has been declared without the defendant's request or consent, double jeopardy will not bar a retrial if (1) there was a manifest necessity or a high degree of necessity for ordering a mistrial, or (2) the ends of public justice would otherwise be defeated. *Id.; Arizona v. Washington* (1978), 434 U.S. 497, 505–506, 98 S.Ct. 824, 830–831, 54 L.Ed.2d 717, 727–729; see, also, *United States v. Dinitz* (1976), 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267; *State v. Widner* (1981), 68 Ohio St.2d 188, 189, 22 O.O.3d 430, 430–431, 429 N.E.2d 1065, 1066; *Hines v. State* (1873), 24 Ohio St. 134, paragraphs one and two of the syllabus. Where the mistrial was granted upon the request of the prosecutor and over the objection of the defendant, the state carries the burden of demonstrating the manifest necessity of the mistrial in order to avoid the double jeopardy bar.[1] See *Arizona*, 434 U.S. at 505, 98 S.Ct. at 830, 54 L.Ed.2d at 727–728. However, if the defendant requested the mistrial, there is no bar to retrial. See *United States v. Jorn* (1971), 400 U.S. 470, 485, 91 S.Ct. 547, 557, 27 L.Ed.2d 543, 556–557.

Therefore, the pivotal issue in this case is whether a manifest necessity existed to warrant a mistrial.

"An order of the trial judge declaring a mistrial during the course of a criminal trial, on motion of the state, is error and contrary to law, constituting a failure to exercise sound discretion, where, taking all the circumstances under consideration, there is no manifest necessity for the mistrial, no extraordinary and striking circumstances and no end of public justice served by a mistrial, and where the judge has not made a scrupulous search for alternatives to deal with the problem." *State v. Schmidt* (1979), 65 Ohio App.2d 239, 244–245, 19 O.O.3d 201, 204, 417 N.E.2d 1264, 1269, citing *Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27

---

1. We note that the state in this case has neglected to file a brief on its behalf. Therefore, we are left to decide this case based on the record and the transcript excerpts.

L.Ed.2d 543; *Downum v. United States* (1963), 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100; *United States v. Perez* (1824), 9 Wheat. 579, 22 U.S. 579.

We find that the trial court's granting of a mistrial in the case *sub judice* was premature in that the circumstances, as they existed in this case, did not demonstrate a manifest necessity requiring a mistrial.

Our analysis begins with a review of the trial court's judgment entry denying appellant's motion to dismiss since it contains the reasoning employed by the trial court when it granted the state's motion for mistrial. In that entry, the trial court supports its granting of a mistrial by finding the evidence mentioned by defense counsel to be inadmissible and so prejudicial to the state's case that a mistrial was required. Citing Weissenberger's Ohio Evidence, the court outlined Evid.R. 404 and 405 and found as follows:

"Where character or a trait of character is an essential element of a crime, claim or defense, character is 'in issue[.]' For example, actions for libel, slander, malicious prosection, * * * are cases in which character may be 'in issue[.]' However, if character is used in an inferential manner to prove conforming conduct in any case [where character is 'in issue'], then the prohibition of Rule 404 applies.

"In the instant case character is not 'in issue' as that term is used in Evidence Rule 405. Rather, the attempt to show Defendant's good driving record is an attempt to circumstantially show Defendants' [*sic*] good conforming character. Thus, the prohibition of Rule 404 applies and that testimony is inadmissible."

█ We find this statement by the court to be a mischaracterization of the law and of Weissenberger, Ohio Evidence Courtroom Manual (1996). Contrary to the statements made in the court's entry above, Evid.R. 404 does not apply to cases *where character is in issue.* This is true because when character is in issue in a case, evidence of character is not offered to prove action in conformity therewith on a particular occasion under Evid.R. 404, but rather it is offered to demonstrate an element of a charge, claim, or defense. Thus, in these cases, Evid.R. 404 does not apply.

However, since character is not in issue in this case, Evid.R. 404 may apply if evidence would be admissible under the rule. Evid.R. 404(A)(1) states:

"(A) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, *subject to the following exceptions:*

"(1) * * * Evidence of a pertinent trait of his character *offered by an accused,* or by the prosecution to rebut the same is admissible * * *."

Evid.R. 404(A) starts off with the general prohibition that evidence of a person's character or character trait is not admissible for the purpose of demonstrating action in conformity therewith on a particular occasion. This prohibition is limited by the ensuing exceptions, one of which includes character evidence offer by an accused. Weissenberger, Ohio Evidence Courtroom Manual (1996) 100, states, in contradiction to the judgment entry of the court, "The second use of character evidence [the first being use of character evidence when character is 'in issue'] is as circumstantial evidence which gives rise to an inference which tends to establish conduct on a particular occasion. Rule 404 is directed to that usage.

"* * *

"The basic rule [of Evid.R. 404(A)(1)] is that the defendant may, at his option, offer evidence of his good character as proof that he did not commit the act charged because such conduct is not in accord with his character."

An accused in a criminal case may present character evidence under Evid.R. 404(A)(1) as circumstantial evidence to give rise to an inference which tends to establish conduct on a particular occasion.[2] At trial, it was argued by defense counsel that he intended to present appellant's testimony to demonstrate appellant's good character and reputation as a law abiding driver. It is generally recognized in Ohio that "the accused is permitted to prove not only his good reputation, but his good character, in any trial for any criminal offense." *State v. Hale* (1969), 21 Ohio App.2d 207, 213, 50 O.O.2d 340, 343, 256 N.E.2d 239, 243, citing *Griffin v. State* (1862), 14 Ohio St. 55. In the absence of some other objection, Evid.R. 404(A)(1) and 405(A) support appellant's right to present such evidence and contradict the trial court's reasoning for granting the mistrial.

Not only was the court incorrect in its reasoning supporting a mistrial, the circumstances of the case make it apparent that the court had less extreme alternatives available to effectively deal with any perceived problems in defense counsel's opening statement. Counsel's reference to appellant's upcoming testimony was not outside the bounds of opening statement as it simply summarized what counsel expected the evidence to demonstrate in his case. This court has recognized that "[w]ith respect to the making of opening and closing statements, parties are afforded a certain degree of latitude." *Sheets v. Norfolk S. Corp.* (1996), 109 Ohio App.3d 278, 291, 671 N.E.2d 1364, 1372, citing *State v. Byrd* (1987), 32 Ohio St.3d 79, 82, 512 N.E.2d 611, 616. The court in the instant case could have simply sustained the objection made by the state and issued a curative

---

2. Once an accused puts his character in issue, the door is opened for the prosecution to offer evidence of the defendant's bad character. Evid.R. 404(A)(1); R.C. 2945.56.

instruction to the jury as it did when counsel initially broached the subject of the testimony during voir dire. Moreover, given the court's belief that there were valid grounds for excluding the evidence, the court could have cautioned counsel about further mentioning such testimony in the presence of the jury or granted the state a motion *in limine* concerning the evidence.

Another alternative ignored by the court was its ability to withhold a ruling on the motion for mistrial until later in the case. Assuming appellant did take the stand to testify about his good character, the state would be free to lodge objections (for example, challenging the relevance of the testimony) at that time or the state may have chosen to use the opportunity to attack appellant's character on cross-examination. At this point in the case, the court would have been in a better position to judge the admissibility or prejudicial nature of the evidence. If appellant did not take the stand at trial as foretold in defense counsel's opening statement, the state would have the advantage of pointing out this discrepancy to the jury during closing argument. Moreover, the state could request the court to again remind the jury that opening statements are not evidence.

 The power of a trial court to discharge a jury before a verdict is reached "ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes." *State v. Calhoun* (1985), 18 Ohio St.3d 373, 378, 18 OBR 429, 434, 481 N.E.2d 624, 629 (Wright, J., dissenting), citing *Perez*, 9 Wheat. at 580, 22 U.S. at 580. Given our review of the case and options available to the trial court, we find no manifest necessity or urgent circumstances present in this case which would warrant a trial court in depriving a criminal defendant the "valued right to have his trial completed by a particular tribunal." *Jorn*, 400 U.S. at 484, 91 S.Ct. at 557, 27 L.Ed.2d at 556. Nor can we conclude that this is the type of case where "the ends of public justice would otherwise be defeated" if the state was not allowed the opportunity to retry the defendant. *Arizona*, 434 U.S. at 506, 98 S.Ct. at 831, 54 L.Ed.2d at 728.

 "[A]s a general rule, the prosecutor is entitled to one, and only one, opportunity to require an accused to stand trial." *Id.*, 434 U.S. at 505, 98 S.Ct. at 830, 54 L.Ed.2d at 727–728. For whatever reason, the prosecutor in this case was quick to seek a mistrial and the trial court was disposed to grant it. As a result of these judgments, which this court finds to be in error, appellant has twice been placed in jeopardy and his conviction must be vacated. Appellant's assignment of error is sustained.

Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the decision of the trial court denying appel-

lant's motion to dismiss and remand the cause with instructions to vacate appellant's conviction and sentence and order the appellant discharged.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT and HADLEY, JJ., concur.