The STATE of Ohio, Appellee,

v.

MORGAN, Appellant.

[Cite as *State v. Morgan* (1998), 129 Ohio App.3d 838.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72593.

Decided Sept. 21, 1998.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Patrick Lavelle,* Assistant Prosecuting Attorney, for appellee.

*Kenneth A. Bossin* and *Robert J. Willis,* for appellant.

TIMOTHY E. McMONAGLE, Judge.

Defendant-appellant, Maciver Morgan ("appellant"), appeals his multiple convictions, as entered in Cuyahoga County Court of Common Pleas case Nos. CR–345074 and CR–345755, claiming that the trial court erroneously denied his motion to dismiss on double jeopardy grounds and that he was denied the effective assistance of counsel. For the reasons that follow, we reverse.

The record reflects that appellant was originally indicted on multiple counts of (1) possession of drugs, in violation of R.C. 2925.11, (2) aggravated robbery, in violation of R.C. 2911.01, and (3) felonious assault, in violation of R.C. 2903.11. One count of possession of drugs and all remaining counts contained firearm specifications. The indictment also contained single counts of possessing criminal tools, in violation of R.C. 2923.24, and having a weapon while under disability, in violation of R.C. 2923.13. The weapon-under-disability charge likewise contained firearm specifications. Prior to trial and on either the court's own motion or that of the state, one count each of aggravated robbery, felonious assault and possession of drugs was dismissed.

The case proceeded to trial and after the jury began deliberations, the trial court *sua sponte* declared a mistrial, stating:

"The Court is, upon its own motion, pursuant to Ohio Revised Code Section 2945.35 and 2945.36C, declaring mistrial in this matter. A new trial date will be March 19th, 1997 at 8:30 a.m."

Correcting itself, the court continued:

"The Court on its own motion, granted a mistrial pursuant to Ohio Revised Code Section 2945.36. I erroneously stated Section C. It should be 2945.36A as the reason for mistrial, to correct the record."

Thereafter, appellant filed a motion to dismiss based on double jeopardy and requested leave to immediately appeal in the event the motion was denied. In addressing the motion before the commencement of the second trial, the court elaborated its reasons for previously granting the mistrial the week earlier. The court reasoned:

"I want to be clear on the record. A mistrial was declared in this case last week because the jury was tainted with evidence that was not to be before them. There is in this court's opinion no allegation nor should there be any substantive belief there was prosecutorial misconduct. As a matter of fact, the court directed both counsel to check the exhibits before they went into the exhibit room. Both counsel did that. Therefore, in my opinion, both counsel are responsible for the fact that this exhibit got into the jury room. It was on the court's own motion that a mistrial was declared and was done to protect the integrity of the trial process as well as the rights of the defendant."

Thereafter, the trial court denied the motion and likewise denied appellant's request to immediately appeal. In the trial that ensued, appellant was found guilty of all the remaining charges, including specifications, with the exception of a finding of not guilty on one count of felonious assault. He was sentenced accordingly.

Appellant timely appeals and assigns the following errors for our review:

"I. The trial court erred as a matter of law in denying appellant's motion to dismiss on the ground of double jeopardy.

"II. The trial court erred as a matter of law by failing to grant appellant an immediate stay to appeal its ruling on the motion to dismiss.

"III. Appellant was denied his constitutional right to the effective assistance of counsel."

I

■ In his first assignment of error, appellant contends that the trial court erred in denying his motion to dismiss on double jeopardy grounds because the trial court did not state with specificity its reasons for declaring a mistrial, as required by R.C. 2945.36. Thus, upon retrial, he claims that he was twice placed in jeopardy for the same offense.

■ The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, protects a criminal defendant from multiple prosecutions for the same offense. *Oregon v. Kennedy* (1982), 456 U.S. 667, 671, 102 S.Ct. 2083, 2087, 72 L.Ed.2d 416, 421–422. The purpose behind the prohibition against double jeopardy is that "the State, with all its resources and power, should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent, he may be found guilty." *Green v. United States* (1957), 355 U.S. 184, 187–188, 78 S.Ct. 221, 223, 2 L.Ed.2d 199, 204; see, also, *United States v. Scott* (1978), 437 U.S. 82, 87, 98 S.Ct. 2187, 2191–2192, 57 L.Ed.2d 65, 71–72. The protections afforded by the Double Jeopardy Clause confer upon a criminal defendant the right to have his trial completed by a particular tribunal. *Oregon v. Kennedy* at 671–672, 102 S.Ct. at 2087–2088, 72 L.Ed.2d at 421–422; see, also, *Arizona v. Washington* (1978), 434 U.S. 497, 503–504, 98 S.Ct. 824, 829–830, 54 L.Ed.2d 717, 726–727. This right, nonetheless, is not absolute.

■ In cases where a mistrial has been declared without the defendant's request or consent, double jeopardy will not bar a retrial if (1) there was a

manifest necessity or high degree of necessity for ordering a mistrial, or (2) the ends of public justice would otherwise be defeated. *Id.* at 505–506, 98 S.Ct. at 830–831, 54 L.Ed.2d at 727–729; *State v. Widner* (1981), 68 Ohio St.2d 188, 189, 22 O.O.3d 430, 430–431, 429 N.E.2d 1065, 1066, citing *Arizona v. Washington, supra.* When a trial court *sua sponte* declares a mistrial, double jeopardy does not bar retrial unless the trial court's action was instigated by prosecutorial misconduct designed to provoke a mistrial, or the declaration of a mistrial constituted an abuse of discretion. *State v. Glover* (1988), 35 Ohio St.3d 18, 517 N.E.2d 900, syllabus; see, also, *State v. Loza* (1994), 71 Ohio St.3d 61, 70, 641 N.E.2d 1082, 1096–1097; *State v. Towns* (Oct. 23, 1997), Cuyahoga App. No. 71244, unreported, at 6–7, 1997 WL 661883.

While R.C. 2945.36 requires that the trial court enter on the journal its reasons for mistrial, it is sufficient if the record supports the trial court's reasons for doing so. In *Hines v. State* (1873), 24 Ohio St. 134, 1873 WL 45, at paragraph two of the syllabus, the court stated that the *record* must show the existence of the necessity of the mistrial. Thus, in determining whether retrial is prohibited, the journal entry of the trial court, *or the record itself,* must indicate the trial court's basis for ordering the mistrial. See *Glover,* 35 Ohio St.3d at 21, 517 N.E.2d at 900 (H. Brown, J., dissenting); see, also, *State v. Workman* (1977), 60 Ohio App.2d 204, 209, 14 O.O.3d 181, 184–185, 396 N.E.2d 777, 781. Thus, no prejudicial error has been demonstrated by the trial court's conduct in stating its reasons on the record as opposed to stating them in its journal entry.

Nonetheless, we are troubled by the court's lack of specificity in describing precisely what evidence was not properly before the jury. As can be ascertained from the excerpted transcript, the trial court was concerned with the possibility that the jury would be irreparably tainted by this evidence. Yet, nowhere in the record is there any indication of what this "tainted evidence" consisted of or of its significance.

While the briefs of counsel touch upon this evidence, statements of counsel are not evidence and are not part of the official record. It is axiomatic that a court of appeals is bound by the record before it and may not consider facts extraneous to the record. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500. Without knowledge of what this evidence consisted of, this court cannot determine whether a high degree of necessity existed that would warrant a mistrial.

Moreover, in the case *sub judice,* there appears to have been no attention given to other, less drastic alternatives. See *Sidney v. Little* (1997), 119 Ohio App.3d 193, 197, 694 N.E.2d 1386, 1388. In *Arizona v. Washington,* 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717, one of the issues concerned the trial court's assessment

of possible juror bias created by an improper comment made by defense counsel. Addressing the alternatives available to the trial court, Justice Marshall stated in dissent:

"Although from this distance and in the absence of express findings it is impossible to determine the precise extent to which defense counsel's remarks may have prejudiced the jury against the State, the circumstances set forth above suggest that any such prejudice may have been minimal and subject to cure through less drastic alternatives. For example, the jury could have been instructed to disregard any mention of prior legal rulings as irrelevant to the issues at hand, and to consider as evidence only the testimony and exhibits admitted through witnesses on the stand. Were there doubt whether such instructions alone would suffice to cure the taint, the jury could have been questioned about the extent of any prejudice. Given the anticipated length of the trial (almost two weeks), it is not unlikely that, had the jury been appropriately instructed when the court first found defense counsel to have erred in his opening statement, any prejudice would have dissipated before deliberations were to begin. For these reasons, it is impossible to conclude that a finding of necessity was implicit in the mere grant of the mistrial." *Id.* at 521–522, 98 S.Ct. at 838–839, 54 L.Ed.2d at 738; see, also, *State v. Schmidt* (1979), 65 Ohio App.2d 239, 248–249, 19 O.O.3d 201, 206–207, 417 N.E.2d 1264, 1271–1272 (Potter, J., concurring).

In this case, the trial court made no attempts to cure or otherwise determine the effect of the purportedly tainted evidence. Ordinarily, great deference is accorded to the trial court in this area because the trial judge is in the best position to determine whether the situation warrants the declaration of a mistrial. *Glover,* 35 Ohio St.3d at 19, 517 N.E.2d at 901–902. Nevertheless, the lack of detail as to what this evidence consisted of, in conjunction with the trial court's failure to determine any potentially prejudicial effect, leaves this court with no alternative but to conclude that the trial court's action was an abuse of discretion.

Accordingly, appellant's first assignment of error is well taken and is sustained.

## II

Due to our disposition of appellant's first assignment of error, we need not address appellant's remaining assignments of error. See App.R. 12(A)(1)(c).

The judgment of the Cuyahoga County Common Pleas Court is hereby reversed and appellant is ordered discharged in both case Nos. CR–345074 and CR–345755.

*Judgment reversed.*

NAHRA, P.J., and KARPINSKI, J., concur.