OPINION
{¶ 1} Defendant-appellant, Arthur Jones, appeals his convictions in Clermont County Court of Common Pleas, alleging that his second trial after a mistrial was barred by double jeopardy.
 {¶ 2} Appellant was stopped by Union Township Police in Clermont County for driving under the influence. Appellant was subsequently arrested and charged with driving under the influence and driving under suspension. The first jury trial ended in a mistrial during appellant's cross-examination of the arresting officer. Appellant's second trial resulted in his conviction on both charges.
 {¶ 3} Appellant appeals, raising one assignment of error.
 {¶ 4} "The trial court erred in retrying the defendant as the second trial was barred by double jeopardy when the first trial resulted in a mistrial."
 {¶ 5} First, we note that there is no indication in the record that appellant objected to the second trial or raised the issue of double jeopardy to the trial court. State v. Head (Sept. 20, 1985), Lake County App. No. 10-258 (failure to raise double jeopardy issue waived any objection to second trial). However, a reviewing court may consider a constitutional issue for the first time on appeal where the rights and interests involved may warrant it. In re M.D. (1988), 38 Ohio St.3d 149. Our decision in this case should not be relied upon as authority to accept all constitutional challenges raised for the first time on appeal. This court reserves the right under State v. Awan (1986),22 Ohio St.3d 120, to reject constitutional objections not initially raised at the trial court level.
 {¶ 6} We will review the following facts involving the trial court's declaration of a mistrial in the instant case.
 {¶ 7} Appellant made an oral motion in limine before trial to ensure that the arresting police officers would not testify that their message from dispatch included a reference to an intoxicated individual. The state informed the trial court that the officers would be instructed to not divulge any reference from dispatch to an intoxicated individual unless appellant so inquired of the officers.
 {¶ 8} On cross-examination, appellant's counsel asked the police officer about his initial investigation of appellant. The officer's response to this question included a reference to the word "intoxicated" from dispatch. Appellant's counsel objected, moved to strike, and asked to approach the bench.
 {¶ 9} It is not clear from the record whether all the discussions before the bench were recorded. The record contains arguments from appellant's counsel that the officer's testimony was "specifically what the motion in limine was in regards to. The problem is the incriminating nature of the statement. I asked my client. He said he did hear it." The prosecutor argued on the record that he did not believe the officer's response "rises to the level of a mistrial."
 {¶ 10} The trial court then stated that the officer's response did warrant a mistrial. "It's not my role to question. It's my role to see that he [appellant] has a fair trial. There is a likelihood that the jury did hear it." The trial court proceeded to order a mistrial and schedule a second trial for the next day.
 {¶ 11} Appellant argues that the second trial should have been barred by double jeopardy. It is well-settled that a state may not twice put a defendant in jeopardy for the same offense. Benton v. Maryland
(1969), 395 U.S. 784,795, 89 S.Ct. 2056. Whether a subsequent prosecution of appellant could proceed depends on whether an exception applies to the double jeopardy bar.
 {¶ 12} The state supplemented the record on appeal, pursuant to App.R. 9(E), with a transcript of a December 2002 hearing held by the trial court concerning the mistrial. At this hearing, the trial judge indicated that he did not recall ever granting a mistrial sua sponte, but rather, granted mistrials only upon a defendant's request.
 {¶ 13} The court reporter in the first trial testified that she recalled appellant's attorney arguing for a mistrial or arguing that the police officer's response rose to the level of a mistrial. The court reporter stated that she may not have transcribed this portion of the discussion because she had been asked by the trial court to find and read appellant's question and the officer's response.
 {¶ 14} Appellant argues that absent a clear record that appellant requested the mistrial, this court should consider that the mistrial was granted sua sponte by the trial court. Even if we accept appellant's argument, we find no error in the mistrial determination.
 {¶ 15} "Where a trial judge sua sponte declares a mistrial, double jeopardy does not bar retrial unless the judge's action was instigated by prosecutorial misconduct designed to provoke a mistrial, or the declaration of a mistrial constituted an abuse of discretion." State v.Glover (1988), 35 Ohio St.3d 18, syllabus.
 {¶ 16} The Ohio Supreme Court has adopted an approach that grants great deference to the trial court's discretion, in recognition of the fact that the trial judge is in the best position to determine whether the situation in his or her courtroom warrants the declaration of a mistrial. Id. at 19.
 {¶ 17} In cases where a mistrial has been declared without the defendant's request or consent, double jeopardy will not bar a retrial if (1) there was a manifest necessity or a high degree of necessity for ordering a mistrial, or (2) the ends of public justice would otherwise be defeated. State v. Widner (1981), 68 Ohio St.2d 188, 189-190.
 {¶ 18} The jury's exposure to the damaging testimony in the instant case occurred when the arresting officer was questioned by appellant's attorney. There has been no argument that, nor does the record reflect, that the offending testimony was the product of prosecutorial misconduct designed to provoke a mistrial.
 {¶ 19} The record also shows that appellant did not object to the mistrial as it was being discussed or when it was granted. In fact, the record is clear that appellant acquiesced in the mistrial. State v. Hoyt
(Apr. 13, 1990), Ross App. No. 1563 (when appellant acquiesced to and did not object to mistrial, retrial is not barred absent a showing of intentional manipulation by the state).
 {¶ 20} As previously discussed, we can find no indication that appellant objected to the second trial. We agree with the state's argument that the omission should serve as further evidence of appellant's position on the mistrial.
 {¶ 21} Further, we do not agree with appellant's argument that the trial court failed to find manifest necessity for declaring the mistrial or prejudice to appellant. The record illustrates that the trial court's reason for granting the mistrial was to protect appellant's right to a fair trial after the damaging testimony. State v. Morgan (1998),129 Ohio App.3d 838, 842 (trial court's journal entry or the record itself must indicate the basis for ordering the mistrial).
 {¶ 22} Appellant also argues that the trial court failed to consider alternatives to a mistrial. The trial court made it clear on the record that it found a mistrial was necessary to protect appellant's rights to a fair trial. Appellant's counsel, while arguing for the motion in limine at the beginning of the first trial, stated that "if the officers were to relate what that statement was [in the dispatch], I don't think a simple objection and move to strike would be sufficient. I think that the jury would be poisoned that way [sic] if they heard."
 {¶ 23} The trial court shared appellant's concern that a motion to strike would not be sufficient and the jury would be "poisoned" by a statement alleging "intoxication" in a trial for driving under the influence.
 {¶ 24} We find no abuse of discretion by the trial court in granting the mistrial. State v. Adams (1980), 62 Ohio St.2d 151, 157. Based upon this finding, appellant's second trial was not barred by double jeopardy. Therefore, it was not error to retry appellant, resulting in his convictions. We overrule appellant's assignment of error.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.