{¶ 48} Although I agree with the majority opinion's resolution of appellant's first, second and fourth assignments of error, I disagree that appellant's third assignment of error has merit. Consequently, I do not believe this case should be remanded for a new trial.
 {¶ 49} Appellant asserts the trial court should have granted his motion for a mistrial. The record reflects the jury accidentally received a copy of appellant's "rap sheet." Neither the prosecutor nor defense counsel had noticed it was inside an admitted exhibit.
 {¶ 50} The matter had been brought to the trial court's attention by one of the jurors. After discussing the matter with counsel, the trial court conducted a voir dire of the entire jury. The trial court first instructed the members that the paper was not an exhibit and could not be considered, then asked each person if he or she could follow that instruction. Each one assured the court the paper would not influence his or her verdict.
 {¶ 51} Jurors are presumed on appeal to have followed the instructions of the trial court. Pang v. Minch (1990), 53 Ohio St.3d 186. Under these circumstances, this court should determine the trial court did not abuse its discretion in denying appellant's motion for a mistrial. State v. Stout (1987), 42 Ohio App.3d 38; cf., State v. Morgan
(1998), 129 Ohio App.3d 838.
 {¶ 52} Requiring the trial court to take further action, such as separating each juror and questioning him or her out of the presence of the others, would have seemed inquisitorial and intimidating. Indeed, in view of the care in which the situation was handled by the trial court, it may be that the jurors were even more scrupulous in fulfilling their duty than they might otherwise have been. Certainly, appellant was acquitted of the most serious charge.
 {¶ 53} In any event, given the majority's disposition of appellant's third assignments of error, it serves no purpose to address the others, since they are rendered moot. App.R. 12(A)(1)(c).
 {¶ 54} Based upon the foregoing analysis, I would overrule appellant's assignments of error in their entirety and affirm appellant's convictions and sentences.