Boyle, Judge,
concurring in part and dissenting in part.
{¶ 39} I respectfully dissent from the majority’s resolution of the first assignment of error because the record fails to demonstrate a “manifest necessity” for sua sponte ordering a mistrial.
{¶ 40} At the outset, I must emphasize that the constitutional protection afforded under the Double Jeopardy Clause also “embraces the defendant’s ‘valued right to have his trial completed by a particular tribunal.’ ” Arizona v. Washington (1978), 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717, quoting United States v. Jorn (1971), 400 U.S. 470, 484, 91 S.Ct. 547, 27 L.Ed.2d 543, and Wade v. Hunter (1949), 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974.
{¶ 41} And although a trial court has the power to sua sponte declare a mistrial without the defendant’s consent, “the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes.” United States v. Perez (1824), 22 U.S. 579, 580, 9 Wheat. 579, 6 L.Ed. 165 (the case wherein the United States Supreme Court initially used the phrase “manifest necessity”); United States v. Toribio-Lugo (C.A.1, 2004), 376 F.3d 33, 38-39. Indeed, recognizing that a constitutionally protected interest is affected by a court’s sua sponte declaration of a mistrial, the Supreme Court has cautioned trial courts to exercise its authority only after a “scrupulous exercise of judicial discretion.” Jorn at 485. As stated by the Supreme Court:
{¶ 42} “[A] trial judge, therefore, ‘must always temper the decision whether or not to abort the trial by considering the importance to the defendant of being able, once and for all, to conclude his confrontation "with society through the *132 verdict of a tribunal he might believe to be favorably disposed to his fate.”’ Washington, 434 U.S. at 514, quoting Jorn, 400 U.S. at 486.
{¶ 43} With these considerations in mind, the “manifest necessity” standard is a heavy burden. Washington, 434 U.S. at 505, 98 S.Ct. 824, 54 L.Ed.2d 717. And although there is no precise, mechanical formula to determine whether a mistrial is supported by manifest necessity, a reviewing court must be satisfied that the trial court exercised “sound discretion” in declaring a mistrial. Id. at 506, 514; see also Ross v. Petro (C.A.6, 2008), 515 F.3d 653. To exercise “sound discretion” in determining that a mistrial is necessary, “the trial judge should allow both parties to state their positions on the issue, consider their competing interests, and explore some reasonable alternatives before declaring a mistrial.” State v. Rodriguez, 8th Dist. No. 88913, 2007-Ohio-6302, 2007 WL 4200630, ¶ 23, citing Washington.
{¶ 44} Based on the circumstances of this case, I do not believe that the trial judge exercised sound discretion in declaring a mistrial. Here, after the court properly excused Juror 6, there was a clear alternative to a mistrial: proceeding with 11 jurors. Indeed, both the state and defense agreed to have the case heard by 11 jurors and were ready to proceed. Thus, they shared the same position, i.e., proceed with the jury impaneled and sworn. And although the trial judge heard from both sides and discussed the possibility of proceeding with 11 jurors, she nevertheless opted to sua sponte declare a mistrial.
{¶ 45} The judge’s decision to declare a mistrial was based in part on the trial most likely carrying over to the next week, which the judge believed would have created a severe hardship for some members of the jury. The judge inquired of the members, and two indicated that they had a conflict if the case proceeded past Monday of the following week. (But, as noted by the trial judge, the jurors stated during voir dire that they would fulfill their duty and appear for service despite any hardship.) The judge further expressed concern that if a juror failed to appear on Monday, the defense would then move for a mistrial.
{¶ 46} All of the trial judge’s stated concerns, however, fail to demonstrate manifest necessity for declaring a mistrial. Notably, the judge’s stated concerns were speculative. And if in fact any of them arose, the court could have addressed them at that time. As for the concern of the defense later moving for a mistrial if there were insufficient number of jurors, such a motion would not have implicated the double-jeopardy issues present in this case. Simply put, I do not find that the trial court adequately considered Davis’s “ Valued right to have his trial completed by a particular tribunal.’ ” See Washington, 434 U.S. at 503, 98 S.Ct. 824, 54 L.Ed.2d 717, quoting Wade v. Hunter (1949), 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974.
*133 {¶ 47} Further, while I recognize that “manifest necessity” does not mean that a mistrial was absolutely necessary or that there was no other alternative, it does require a trial court to give meaningful consideration to other alternatives before sua sponte ordering a mistrial. This court has repeatedly recognized that a trial court abuses its discretion in sua sponte declaring a mistrial when other less drastic alternatives are easily available. See N. Olmsted v. Himes, 8th Dist. Nos. 84076 and 84078, 2004-Ohio-4241, 2004 WL 1796343 (finding an abuse of discretion in declaring a mistrial when a curative instruction would have sufficiently cured any prejudice); State v. Coon (Apr. 18, 2002), 8th Dist. No. 79641, 2002 WL 598321 (finding an abuse of discretion because the court failed to consider less drastic alternatives); State v. Morgan (1998), 129 Ohio App.3d 838, 719 N.E.2d 102 (finding an abuse of discretion because the trial court failed to cure or otherwise determine the effect of the purportedly tainted evidence).
{¶ 48} Here, the trial court could have proceeded with 11 jurors, as consented to by both the state and Davis, and its sua sponte ordering of a mistrial constitutes an abuse of discretion. Therefore, Davis’s retrial was barred by double jeopardy, and his first assignment of error should be sustained. See State v. Glover (1988), 35 Ohio St.3d 18, 517 N.E.2d 900.