[Cite as *Billiter v. Banks*, 2013-Ohio-4324.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| FRED BILLITER, ET AL., | ) | |
| | ) | |
| PLAINTIFFS-APPELLANTS, | ) | |
| | ) | |
| V. | ) | CASE NO. 12 NO 395 |
| | ) | |
| NCI WARDEN EDWARD BANKS, | ) | OPINION |
| | ) | AND |
| RESPONDENT-APPELLEE. | ) | JUDGMENT ENTRY |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Court of Common Pleas of Noble County, Ohio Case No. 212-0027


JUDGMENT:                              Dismissed

APPEARANCES:
For Plaintiff-Appellant                Fred Billiter, Pro-se
                                       #383-177
                                       N.C.I. D-1 E-41
                                       15708 McConnelsville Rd.
                                       Caldwell, Ohio 43724


For Respondent                         No brief filed




JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


Dated: September 26, 2013

PER CURIAM.

{¶1} Plaintiff-appellant, Fred Billiter, appeals from 22 Noble County Common Pleas Court judgments dismissing actions against defendants-appellees, N.C.I. Warden Edward Banks; O.D.R.C. Director Mohr; South Regional Director Voorhies; the Ohio Department of Rehabilitation and Corrections; the State of Ohio; Governor Kasich; N.C.I. Deputy Wardens Buchanan, LaRose, Robinson, Duffy; N.C.I. Chief Business Administrator Brenda Duffy; and N.C.I. Inst. Inspector Williams.

{¶2} On February 28, and 29, and March 12, 2012, eleven individuals each filed a "Petition and Complaint for Civil Action," a "Class Action Plaintiff's Affidavit of Indigence," a "Class Action Plaintiff's Affidavit of Previously Civil Filings," and an "Individual Plaintiff's Affidavit of Grievance and Complaint Filings." The caption on all of these filings listed "FRED BILLITER, On Behalf of Two Plaintiff Classes" as the plaintiff. Appellees were listed as the defendants. Each of the eleven petitions is signed by a different inmate/plaintiff and gives their inmate number. The complaints do not provide the addresses for any of the named defendants. For many of the defendants, the complaints do not even provide their first names. Notably, none of these filings were signed by appellant.

{¶3} On March 1, 2012, the same eleven inmates each filed a "Filings to Join in 'Petition and Complaint for Civil Action' as a Similarly Situated Plaintiff/Inmate of N.C.I." The captions once again listed appellant as the plaintiff and appellees as the defendants. And once again, none of these filings were signed by appellant.

{¶4} Each of the February 28, 29, and March 1, 2012 filings was assigned a separate case number by the clerk of courts, resulting in 22 separate cases.

{¶5} On June 27, 2012, the trial court put on 22 identical judgment entries stating the complaints failed to include addresses for the parties as required by Civ.R. 10(A). Therefore, the court dismissed all 22 of the cases. The judgment entries also stated that costs were assessed to "Plaintiff/Petitioner." Copies of the individual judgment entries were mailed to each of the eleven plaintiffs/ inmates. Copies of all 22 judgment entries were also mailed to appellant.

{¶6} Appellant filed a timely notice of appeal listing all 22 case numbers and requested that the cases be consolidated on appeal. None of the eleven plaintiffs/

inmates has filed a notice of appeal.

**{¶7}** Additionally, none of the appellees has filed a response. Presumably, this is because their addresses were not listed and they were never even served with copies of the complaints.

**{¶8}** For the following reasons, we must dismiss this appeal.

**{¶9}** Appellant does not have standing to appeal the individual judgment entries in cases filed by the eleven plaintiffs/inmates. Only those parties who can demonstrate a present interest in the subject matter of the litigation and who have been prejudiced by the trial court's decision have standing to file an appeal. *Still v. Hayman*, 153 Ohio App.3d 487, 794 N.E.2d 751, 2003-Ohio-4113, ¶26 (7th Dist.). Appellant does not have a present interest in the subject matter of the complaint nor has he been prejudiced by the trial court's decisions.

**{¶10}** Appellant did not sign any of the complaints. Each filing is signed by a plaintiff/inmate. Appellant was simply listed in the caption as the plaintiff, "on behalf of two plaintiff classes." The individual plaintiffs/inmates state in their filings that they seek to join in the "Above Captioned case and cause." The problem, however, is that there is no "Above Captioned case and cause" of record.

**{¶11}** In his brief, appellant asserts that in late February 2012, he mailed two "legal packets" to the trial court, containing his lawsuit. He claims the clerk of courts failed to file his action. He then makes allegations that the prison officials likely motivated the clerk to act in such a manner.

**{¶12}** Through his allegations of misconduct, appellant admits that his lawsuit was never filed. Although appellant asserts he initially filed a complaint/"legal packet," we have no evidence of this purported filing in the record. A court of appeals is bound by the record and may not consider extraneous facts. *Ahmed v. McCort*, 7th Dist. No. 02-BA-8, 2004-Ohio-559, ¶3, quoting *State v. Morgan*, 129 Ohio App.3d 838, 842, 719 N.E.2d 102 (8th Dist.1998). Thus, for our purposes, appellant never filed a complaint.

**{¶13}** Because there is no evidence that appellant's lawsuit ever existed, the plaintiffs/inmates could not join in appellant's non-existent lawsuit. Moreover,

appellant does not have a present interest in the subject of the other complaints.

**{¶14}** As an aside, we should note appellant fears that because the trial court mailed copies of all 22 dismissal entries to him, he is responsible for the filing fees in all of the cases. But since he was not a party to any of those cases, due to the fact that his case was never filed, any costs in those cases could not be assessed against him.

**{¶15}** For the reasons stated above, this appeal is hereby dismissed at appellant's cost.

Donofrio, J. concurs.

Waite, J. concurs.

DeGenaro, P.J. concurs.