THE STATE OF OHIO, APPELLANT, *v.* GLOVER, APPELLEE.

[Cite as State *v.* Glover (1988), 35 Ohio St. 3d 18.]

(No. 87-237—Decided January 13, 1988.)

*George E. Pattison,* prosecuting attorney, and *Lawrence R. Fisse,* for appellant.

*R. Daniel Hannon,* county public defender, and *Jeffrey Schwartz,* for appellee.

DOUGLAS, J. The sole question posed by the instant appeal is whether the trial court erred in failing to grant appellee's motion for dismissal of all charges against him on the basis that appellee had previously been placed in jeopardy on the same charges. We hold that the trial court did not err in proceeding to retrial.

There is no doubt that jeopardy had attached in this case by virtue of the first, aborted trial, since the jury had already been impanelled and sworn. *Crist* v. *Bretz* (1978), 437 U.S. 28. The question presented herein is whether appellee was protected from retrial by the constitutional prohibition against double jeopardy.

"* * * [T]he question of whether, under the double jeopardy clause, there can be a second trial, after a mistrial has been declared, *sua sponte,* depends on whether (1) there is a 'manifest necessity' or a 'high degree' of necessity for ordering a mistrial, or (2) 'the ends of public justice would otherwise be defeated.' " *State* v. *Widner* (1981), 68 Ohio St. 2d 188, 189, 22 O.O. 3d 430, 431, 429 N.E. 2d 1065, 1066, citing *Arizona* v. *Washington* (1978), 434 U.S. 497. In evaluating whether the declaration of a mistrial was proper in a particular case, this court has declined to apply inflexible standards, due to the infinite variety of circumstances in which a mistrial may arise. *Widner, supra,* at 190, 22 O.O. 3d at 431, 429 N.E. 2d at 1066. See, also, *United States* v. *Jorn* (1971), 400 U.S. 470, 480. This court has instead adopted an approach which grants great deference to the trial court's discretion in this area, in recognition of the fact that the trial judge is in the best position to determine whether the situation in his courtroom warrants the declaration of a mistrial. *Widner, supra.* See, also, *Wade* v. *Hunter* (1949), 336 U.S. 684, 687. In examining the trial judge's exercise of discretion in declaring a mistrial, a balancing test is utilized, in which the defendant's right to have the charges decided by a particular tribunal is weighed against society's interest in the efficient dispatch of justice. *State* v. *Calhoun* (1985), 18 Ohio St. 3d 373, 376, 18 OBR 429, 432, 481 N.E. 2d 624, 627; *United States* v. *Scott* (1978), 437 U.S. 82, 92. "* * * [A] defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments." *Wade* v. *Hunter, supra,* at 689. Where the facts of the case do not reflect unfairness to the accused, the public interest in insuring that justice is served may take precedence. *Arizona* v. *Washington, supra,* at 505.

Applying these criteria to the case at bar, we conclude that the trial judge properly exercised his discretion in declaring a mistrial under these facts. For the following reasons, we find that a high degree of necessity existed for declaring a mistrial, and that the ends of public justice would have otherwise been defeated.

As to the necessity for a mistrial, we note that strict necessity is not required. *Arizona* v. *Washington, supra,* at 511. Reviewing the transcript of the first, aborted trial, we recognize that

other judges might have resorted to alternative means of dealing with the situation as it is portrayed in the record. However, this is not dispositive. *Id.* The trial judge was in the courtroom, observing counsel, the witnesses, and the reactions of the jurors. A written transcript of the proceedings cannot reflect these critical factors. For this reason, we cannot assume, as the court of appeals did, that the trial judge, in declaring a mistrial, was motivated by "a desire * * * to protect the prosecuting witness from an intense and aggressive, yet lawful, cross-examination." It is not clear from the record that the trial court's motivation was to protect the witness-victim. It could be said with equal credence that the judge was concerned that the aggressive tactics of defense counsel were prejudicing the jury *against appellee.* The judge may very well have observed reactions by the jurors which led him to conclude that they were angered or offended by defense counsel's questioning, such that appellee's right to a fair trial was jeopardized. Under such circumstances, the trial judge was amply justified in declaring a mistrial, although the summary manner in which he did so was perhaps ill-advised.

We are further convinced that the public interest in just judgments is best served under such circumstances by the declaration of a mistrial and the commencement of a new trial. It cannot be disputed that the mistrial was not prompted or provoked by any misconduct on the part of the prosecutor. Even where the basis for the declaration of a mistrial is prosecutorial misconduct, double jeopardy does not bar retrial unless the misconduct was designed to subvert the protections afforded by the clause. *Oregon* v. *Kennedy* (1982), 456 U.S. 667, 675-676. The trial judge's action was not inherently unfair to appellee, who did not object at the time it was declared. If the judge's action was in fact motivated by a concern that the jury had been prejudiced against appellee, appellee's own interests were clearly best served by termination of the proceedings.

Our conclusion that the Double Jeopardy Clause does not prohibit retrial in this case is bolstered by the fact that the first trial was aborted before a determination on the merits had occurred. "Unlike the situation in which the trial has ended in an acquittal or conviction, *retrial is not automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused.* Because of the variety of circumstances that may make it necessary to discharge a jury before a trial is concluded, and because those circumstances do not invariably create unfairness to the accused, his valued right to have the trial concluded by a particular tribunal is sometimes subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury." (Emphasis added.) *Arizona* v. *Washington, supra,* at 505. See, also, *Wade* v. *Hunter, supra,* at 689. "At least in the absence of an acquittal or a termination based on a ruling that the prosecution's case was legally insufficient, no interest protected by the Double Jeopardy Clause precludes a retrial when reversal is predicated on trial error alone." *Calhoun, supra,* at 376-377, 18 OBR at 433, 481 N.E. 2d at 628.

In further support of our conclusion today, we note with interest that the United States Supreme Court has held that, "[w]here, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained

without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment." *Gori* v. *United States* (1961), 367 U.S. 364, 368, quoted with approval in *Oregon* v. *Kennedy* (1982), 456 U.S. 667, 677, at fn. 7.

We hold, therefore, that where the trial judge *sua sponte* declares a mistrial, double jeopardy does not bar retrial unless the judge's action was instigated by prosecutorial misconduct designed to provoke a mistrial, or the declaration of a mistrial constituted an abuse of discretion.

Thus, in accordance with the foregoing, the judgment of the court of appeals is hereby reversed, and the cause is remanded to that court for a consideration of appellee's remaining assignments of error.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, LOCHER and HOLMES, JJ., concur.

WRIGHT and H. BROWN, JJ., dissent.

HERBERT R. BROWN, J., dissenting. The majority has created the perception that the declaration of mistrial in this case was within the discretion accorded to the trial judge. However, the record is devoid of support for this pivotal finding and I must respectfully dissent.

The majority correctly states that the law in Ohio is that when a mistrial is declared, *sua sponte*, without the consent of the defendant after jeopardy has attached, retrial is prohibited unless "(1) there is a 'manifest necessity' or a 'high degree' of necessity for ordering a mistrial, or (2) 'the ends of

public justice would otherwise be defeated.' " *State* v. *Widner* (1981), 68 Ohio St. 2d 188, 189, 22 O.O. 3d 430, 431, 429 N.E. 2d 1065, 1066, citing *Arizona* v. *Washington* (1978), 434 U.S. 497. In determining whether retrial is prohibited, *the journal entry of the trial court or the record itself must indicate the trial court's basis for ordering the mistrial. Hines* v. *State* (1873), 24 Ohio St. 134, paragraph two of the syllabus; *Arizona* v. *Washington, supra.* In other words, the trial judge must affirmatively demonstrate that the mistrial was warranted. Such a condition ensures that the authority of the trial judge is exercised in a sound manner and is " 'used with the greatest caution, under urgent circumstances, *and for very plain and obvious causes.*' " (Emphasis added.) *State* v. *Widner, supra,* at 190, 22 O.O. 3d at 431, 429 N.E. 2d at 1066, citing *United States* v. *Perez* (1824), 22 U.S. (9 Wheat.) 579, 580.

I agree with the majority that the record does not clearly indicate that the trial court declared the mistrial to protect the prosecution witness from an aggressive cross-examination, as was found by the appellate court. This is precisely my point: the trial judge gives us no clues from which we may deduce his motivation. Where a mistrial is declared, *sua sponte,* by a trial judge without *any* reason, that is an abuse of discretion.

The majority errs when it starts guessing as to the motivation of the trial court. Such speculation exceeds our task which is to determine, from the record, whether the trial court's order was a proper exercise of discretion. Since the record lacks a reason for the trial court's mistrial declaration, I would affirm the decision of the court of appeals. Although the trial judge has wide latitude in determining whether a mistrial will serve the in-

terests of justice, his discretion is not unbridled.

Admittedly, application of the law to the facts of record yields an undesirable result in this case.

However, the responsibility for that outcome must lie with the trial court.

WRIGHT, J., concurs in the foregoing dissenting opinion.