OPINION
Defendant Anthony Roberson appeals a judgment of the Court of Common Pleas of Stark County, Ohio, convicting and sentencing him for one count of possession of cocaine in violation of R.C. 2925.11(A), after a jury found him guilty. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR;
 I. THE TRIAL COURT ERRED BY REPEATEDLY MAKING COMMENTS ABOUT APPELLANTS CASE AND COUNSEL THEREBY DENYING APPELLANT A FAIR TRIAL.
 II. THE TRIAL COURT ERRED IN NOT ORDERING A MISTRIAL FOLLOWING PROSECUTORIAL MISCONDUCT WHICH DENIED APPELLANT A FAIR TRIAL IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE OHIO AND UNITED STATES CONSTITUTION.
At trial, the State presented evidence Canton City Police, FBI, and a parole officer had information appellant would be at a residence in Stark County, Ohio, carrying cocaine. The officers waited at the residence, and appellant arrived. Officers put appellant on the ground and searched him, finding approximately one-half kilogram of cocaine and over $6,000 on his person. Appellant's theory of the case was that the residence where appellant was found was the home of a convicted drug trafficker who was on parole. Appellant argued although there were illegal drugs found in the home, he was the only person charged on that day. Appellant argued to the jury the State failed to prove it was appellant who possessed the cocaine. I; In his first assignment of error, appellant urges the trial court made derogatory comments about appellant's defense and about defense counsel. The first witness the State called was Michael Beebe, a parole officer with the State of Ohio. Officer Beebe testified he was assigned to the Stark County Violent Crimes Task Force on December 1, 1999. On that day, Officer Beebe and the other officers went to the residence of Tarice Sanders, one of Beebe's parolees. Beebe testified appellant came to the home carrying a large amount of cocaine and a large amount of cash. On cross, appellant established Tarice Sanders had previously been convicted of drug trafficking, and also established that not only Sanders but another person, a juvenile, was in the residence prior to appellant's arrival. On cross, Officer Beebe testified the officers found a quantity of cocaine in the residence prior to appellant's arrival there. Officer Beebe admitted neither Sanders nor the other party was arrested for possession. During cross examination of Officer Beebe, appellant repeatedly questioned the witness regarding Sanders and the other person living in the home. After several questions, the State objected, and the court instructed that neither Sanders nor the other party was on trial, but rather just appellant. At that point, defense made an offer to proffer evidence into the record. The court responded "You can proffer all you want, but I'm sick of this, you doing what I tell you not to do * * * I heard about you, Mr. LoDico." Tr. of Proceedings, pages 95-96. At that point, appellant moved for mistrial. The court overruled the motion for mistrial, and defense counsel continued to cross examine Officer Beebe at some length. Appellant argues the trial court should not have made comments about defense counsel's theory of the case nor about defense counsel personally before the jury. We agree the trial court must be extremely circumspect in its comments in front of the jury, and must present a totally neutral attitude. We also agree with appellant the trial court's comments fell outside the range of appropriate remarks. However, we have reviewed the lengthy transcript, and we find the exchange between defense counsel and the court to be quite limited. Further, appellant concedes that after he moved for mistrial, the court changed the way it handled the proceedings. Our review of the transcript convinces us defense counsel had continued in his cross examination far beyond making his points to the jury, and a great deal of the cross examination was cumulative. The trial court has the authority to guide and control the trial within appropriate limits. We find the trial court did not restrain appellant from establishing the nature of his defense before the jury. We find the trial court's demeanor did not rise to a level of prejudicing appellant's right to a fair trial, nor did it impinge upon appellant's ability to present his defenses. The granting or denial of a mistrial lies within the sound discretion of the trial court, see State v. Glover
(1988), 35 Ohio St.3d 18. This court may not reverse a trial court's ruling unless it finds abuse of that broad discretion. As the Supreme Court has frequently held, abuse of discretion connotes the trial court's attitude is unreasonable, arbitrary or unconscionable, see, e.g. Statev. Adams (1980), 62 Ohio St.2d 151 at 157. We find the trial court did not abuse its discretion in overruling the motion for mistrial. The first assignment of error is overruled. II; In his second assignment of error, appellant urges the prosecutor committed misconduct during closing argument. Specifically, the prosecutor stated "Are you worried about him being in school with the children? Certainly we're all concerned. But are you worried about the man that had this amount of cocaine being near your children in school? Are you worried about the man that comes in with a pack that big of cocaine in his coat in the winter coming out of pocket and next to your children in school? (sic) Do we handle that or do we leave that up to the people that are trained to be police? I think that's what we have to do. We don't have that training. We don't have that experience. We don't go out in those streets, and we don't know what's going on out there." Tr. at pages 225-226. The foregoing occurred during the State's rebuttal of appellant's closing remarks. Appellant, apparently referring to Tarise Sanders, or the juvenile resident of the house reminded the jury he was caught with a large amount of drugs, and being in trouble, was likely to say the drugs belonged to someone else. Appellant argued the police chose to let "this guy" walk around near the children in the schools. We find it was appellant who first brought up the issue regarding drug dealers being near children in schools, and not the prosecutor. Appellant also argues the prosecutor went beyond the evidence and expressed her personal opinion regarding the credibility of the witnesses. We have reviewed the record, and we find the prosecutor did not argue beyond the evidence presented in the case, and responded to appellant's closing remarks. The test for prosecutorial misconduct is whether the remarks were improper, and if so, whether they prejudicially affected the substantial rights of the defendant, see State v. Smith
(1984), 14 Ohio St.3d 13. Our review of the record leads us to conclude the prosecutor did not commit misconduct in closing remarks. The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. By Gwin, J.,
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.
 ______________________ Hon. W. Scott Gwin, J.
Edwards, P.J., Hoffman, J, concur.