JOURNAL ENTRY AND OPINION
Defendant-appellant, Roberta Coon, appeals the decision of the Cuyahoga County Common Pleas Court convicting her of one count of endangering children after a jury found her guilty of that charge. For the reasons that follow, we reverse.
A review of the record reveals that appellant provided childcare in her home and it was while she was doing so that a child in her care sustained injuries alleged to be attributable to her. Appellant was eventually charged with two counts of child endangering, in violation of R.C. 2919.22, and the case proceeded to trial on October 17, 2000. The jury was impaneled and sworn and the parties presented their opening statements. Prior to the first witness's testimony however, the trial court declared a mistrial stating:
 I want to spread on the record the following: That I received a call from my brother this morning — he tried to contact me last night — that my mother is in a nursing home, she has been there for five years, and that she has been in critical condition for the last number of weeks. We were not sure when she was going to pass but it appears now that it is imminent.
 The Court feels, in all fairness to both the state and the defense, that rather than get started with the witnesses, that at this time I cannot proceed with this case, since my duty and obligation is to be there with her, and our best judgment is that she will not last the day.
 So, at this time, I am going to declare a mistrial.
Thereafter, the court inquired of defense counsel whether he wished to make a record whereupon defense counsel stated:
 Only, your Honor, that certainly I understand where the Court is at, personally. My prayers go out to the Court and to your mother.
 As I told you in chambers, I would only object for the record, to protect my client.
* * *
Because I have an obligation to do that.
The trial court acknowledged defense counsel's concern and then proceeded to reset the trial date. There was no discussion as to any possible alternatives to declaring a mistrial and, while it appears that there was some discussion among the parties' counsel and the court in the trial judge's chambers, there is no record as to what may have transpired.
Appellant thereafter filed a motion to dismiss the charges against her on the grounds that a retrial would violate her protection against double jeopardy. The trial court denied this motion in an entry journalized on December 15, 2000. The case against appellant proceeded to jury trial for a second time on February 20, 2002 whereupon the record appears to support that appellant renewed her motion to dismiss, which the court again denied. The jury ultimately found appellant guilty of one count of child endangering and she was sentenced accordingly.
Appellant is now before this court and assigns two errors for our review.
 I.
In her first assignment of error, appellant complains that there was no manifest necessity for the trial court to declare a mistrial and that retrial on these same charges violated her protection against being placed twice in jeopardy for the same offense. We agree.
The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, made applicable to the states through theFourteenth Amendment, protects a criminal defendant from multiple prosecutions for the same offense. Oregon v. Kennedy (1982), 456 U.S. 667, 671. The purpose behind the prohibition against double jeopardy is that "the State, with all its resources and power, should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity * * *." Green v. United States (1957), 355 U.S. 184, 187-188; see, also,United States v. Scott (1978), 437 U.S. 82, 87. It is with this purpose in mind that the Double Jeopardy Clause confers upon a criminal defendant the right to have his trial completed by a particular tribunal. Oregon v. Kennedy, 456 U.S. at 671-672; see, also, Arizona v. Washington
(1978), 434 U.S. 497, 503-504. "A defendant's valued right to have his trial completed by a particular tribunal must in some circumstances be subordinated to the public's interest in fair trials designed to end in just judgments." Wade v. Hunter (1949), 336 U.S. 684, 689. This right, however, is not absolute.
In cases where a mistrial has been declared without the defendant's request or consent, double jeopardy will not bar a retrial if (1) there was a manifest necessity or high degree of necessity for ordering a mistrial; or (2) the ends of public justice would otherwise be defeated.Arizona v. Washington, 434 U.S. at 505-506; State v. Widner (1981),68 Ohio St.2d 188, 189. Moreover, when a trial court sua sponte declares a mistrial, double jeopardy does not bar retrial unless the trial court's action constitutes an abuse of discretion. State v. Glover (1988),35 Ohio St.3d 18, syllabus; see, also, State v. Loza (1994),71 Ohio St.3d 61, 70; State v. Towns (Oct. 23, 1997), Cuyahoga App. No. 71244, unreported at 6-7.
In United States v. Jorn (1970), 400 U.S. 470, 481, relying on UnitedStates v. Perez (1824), 9 Wheat 579, the United States Supreme Court discussed manifest necessity stating:
 We think, that in all cases of this nature, the law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes * * *.
We, therefore, recognize that the prohibition against double jeopardy does not entitle a criminal defendant to be discharged if the trial fails to end in a final judgment. Unforeseeable circumstances may arise during trial that make its completion impossible and retrial is not barred on double jeopardy grounds despite the defendant's objections. Id. The record must support an urgent or manifest necessity requiring the trial judge, in the exercise of sound discretion, to discharge the jury in order to assure that there be a fair trial.
 While a jury in a criminal case may, in certain circumstances, be discharged, and the accused lawfully subjected to another trial, this can only be done where he has consented to the discharge, or been guilty of such fraud in respect to the conduct of the trial as that he was in no real peril, or where there is urgent necessity for the discharge, such as the death or serious illness of the presiding judge or a juror, the serious illness of the prisoner, the ending of term before verdict, or the inability of the jury to agree, after spending such length of time in deliberation as, in the opinion of the judge, sustained by the facts disclosed in the record, renders it unreasonable and improbable that there can be an agreement.
Mitchell v. State (1884), 42 Ohio St. 383, paragraph two of the syllabus.
While certainly the imminent death of the trial judge's mother presents exigent circumstances, the record before us does not support that the court gave any attention to other, less drastic alternatives to declaring a mistrial. See State v. Morgan (1998), 129 Ohio App.3d 838, 842-843, citing Arizona v. Washington, 434 U.S. at 521-522; see, also, State v.Schmidt (1979), 65 Ohio App.2d 239, 248-249 (Potter, J., concurring). The trial court could have availed itself of the procedure authorized by Crim.R. 25(A), which provides:
 If for any reason the judge before whom a jury trial has commenced is unable to proceed with the trial, another judge designated by the administrative judge * * * may proceed with and finish the trial, upon certifying in the record that he has familiarized himself with the record of the trial. If such other judge is satisfied that he cannot adequately familiarize himself with the record, he may in his discretion grant a new trial.
We acknowledge the state's argument that this rule is a permissive rule, one that does not mandate that the trial judge seek a substitute judge when the originally assigned judge is unable to continue presiding over the case for whatever reason. Yet to fail to take advantage of a rule that would be the means of supporting the trial judge's actions cannot now support a finding of manifest necessity merely because of the rule's permissive construction. Had the trial judge sought a substitute and none was available or, if available, the substitute judge could not continue the case because of lack of familiarity, the declaration of a mistrial would not have barred retrial. From the state of the record before us, however, it does not appear that the trial court made any attempt to seek a substitute judge or otherwise demonstrate that a substitute was unavailable.
We recognize that ordinarily great deference is accorded to the trial court in this area because the trial judge is in the best position to determine whether the situation warrants the declaration of a mistrial.State v. Glover, 35 Ohio St.3d at 19. Nevertheless, the lack of a record supporting the trial court's attempts to avoid a mistrial leaves this court with no alternative but to reluctantly conclude that the trial court's action was an abuse of discretion.
Accordingly, appellant's first assignment of error is well taken and is sustained.
 II.
Due to our disposition of appellant's first assignment of error, we need not address appellant's remaining assignment of error. See App.R. 12(A)(1)(c).
The judgment of the trial court is hereby reversed and appellant is ordered discharged.
This cause is reversed for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J. CONCURS MICHAEL J. CORRIGAN, J. DISSENTS (See separate opinion)