[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant, George Freeman, appeals a conviction for possession of cocaine pursuant to R.C. 2925.11(A). Through counsel, he presents four assignments of error. This court has previously struck a supplemental brief filed by Freeman pro se, and we will, therefore, not address the issues he raised in that brief. We note that, for the most part, they were similar to those raised by counsel.
{¶ 3} In his first assignment of error, Freeman states that the trial court erred in overruling his motion for a mistrial. He contends that the state improperly questioned a defense witness concerning a prior drug-trafficking conviction, even though that conviction was reversed on appeal and the charge was later dismissed. This assignment of error is not well taken.
{¶ 4} The decision whether to grant a mistrial rests within the trial court's discretion. State v. Sage (1987), 31 Ohio St.3d 173,510 N.E.2d 343. This rule recognizes that the trial court is in the best position to determine whether the situation in the courtroom warrants a mistrial. State v. Glover (1988), 35 Ohio St.3d 18, 517 N.E.2d 900; Statev. Stanley (1997), 121 Ohio App.3d 673, 700 N.E.2d 881. A court need only declare a mistrial when the ends of justice so require and a fair trial is no longer possible. State v. Garner, 74 Ohio St.3d 49, 1995-Ohio-168,656 N.E.2d 623. An appellate court will not reverse a decision granting or denying a mistrial absent an abuse of discretion. Stanley, supra.
{¶ 5} The record shows that a defense witness testified that he had not known Freeman to "mess around with drugs." The prosecutor then asked him if he was aware that Freeman had been convicted of trafficking in marijuana in 1999. Freeman's counsel objected because that conviction had been reversed and the charge was later dismissed. See State v.Freeman (2000), 138 Ohio App.3d 408, 741 N.E.2d 566. The trial court sustained the objection. The prosecutor then asked the witness, without objection, if he was aware of Freeman's 1992 misdemeanor conviction for possession of drug paraphernalia. The following day, Freeman moved for a mistrial, which the trial court denied.
{¶ 6} "A cross-examiner may ask a question if the examiner has a good-faith belief that a factual predicate for the questions exists."State v. Gillard (1988), 40 Ohio St.3d 226, 533 N.E.2d 272, paragraph two of the syllabus, abrogated on other grounds by State v. McGuire,80 Ohio St.3d 390, 1997-Ohio-335, 686 N.E.2d 1112; State v. Bowling
(Aug. 14, 1998), 1st Dist. No. C-970595. In response to Freeman's motion for a mistrial, the prosecutor presented a document showing Freeman's criminal history, on which he had relied in asking about the 1999 trafficking conviction. That document showed the conviction, but not that the conviction had been reversed. Consequently, the prosecutor had a good-faith basis for asking the question about that conviction.
{¶ 7} Further, even if we were to assume that the question constituted prosecutorial misconduct, Freeman has not demonstrated that the trial court's decision overruling his motion for a mistrial was so arbitrary, unreasonable or unconscionable that it amounted to an abuse of discretion. See State v. Adams (1980), 62 Ohio St.2d 151, 404 N.E.2d 144. After the question about the 1999 conviction was sustained, the state properly asked the witness if he was aware of the 1992 misdemeanor conviction for possession of drug paraphernalia, so the issue of whether Freeman had a drug history was before the jury.
{¶ 8} Further, following Freeman's motion for a mistrial, the trial court gave a curative instruction, in which it told the jury that Freeman "was ultimately acquitted" of the 1999 charge. It also stated, "You are instructed to disregard this question posed by the prosecutor and you are not to draw any inference from it." A jury is presumed to follow the trial court's curative instructions. The trial court's sustaining of an objection and its giving of a curative instruction can be enough to cure the taint from an improper statement. Garner, supra;State v. Loza (1994), 71 Ohio St.3d 61, 641 N.E.2d 1082; State v.Mobley, 2nd Dist. No. 18878, 2002-Ohio-1792. Accordingly, we overrule Freeman's first assignment of error.
{¶ 9} In his second assignment of error, Freeman contends that he was denied due process due to numerous instances of prosecutorial misconduct. The test for prosecutorial misconduct is whether the prosecutor's remarks were improper, and, if so, whether they prejudicially affected the accused's substantial rights. State v. Lott (1990),51 Ohio St.3d 160, 555 N.E.2d 293. Prosecutors are normally entitled to wide latitude in their remarks. State v. Mason, 82 Ohio St.3d 144,1998-Ohio-370, 694 N.E.2d 932; State v Hirsch (1998), 129 Ohio App.3d 294,717 N.E.2d 789. The conduct of the prosecuting attorney is not grounds for reversal unless it deprived the defendant of a fair trial. State v.Keenan (1993), 66 Ohio St.3d 402, 613 N.E.2d 203; Hirsch, supra.
{¶ 10} Most of the remarks of which Freeman complains were fair comments on the evidence, and, therefore, they were not improper. SeeState v. Goff, 82 Ohio St.3d 123, 1998-Ohio-369, 694 N.E.2d 916; Hirsch, supra; State v. Heard (Aug. 13, 1999), 1st Dist. No. C-980443. Further, we cannot conclude, after reviewing the remarks in the context of the entire argument, that they were so egregious as to deny him a fair. SeeHeard, supra; State v. Hill (Feb. 19, 1999), 1st Dist. No. C-971098. Accordingly, we overrule Freeman's second assignment of error.
{¶ 11} In his third assignment of error, Freeman contends that the state's evidence was insufficient to support the conviction. According to our review of the evidence, when viewed in a light most favorable to the prosecution, it could have convinced a rational trier of fact that Freeman had knowingly obtained, possessed or used cocaine. Consequently, the evidence was sufficient to support his conviction for possession of cocaine pursuant to R.C. 2925.11(A). See State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492; State v. Trembly (2000),137 Ohio App.3d 134, 738 N.E.2d 93. Freeman argues that the testimony of the police officers who arrested him was not credible, but matters as to the credibility of witnesses are for the jury to decide. State v. Walker
(1978), 55 Ohio St.2d 208, 378 N.E.2d 1049; State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212.
{¶ 12} Freeman also contends that his conviction was against the manifest weight of the evidence. After reviewing the evidence, we cannot hold that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse Freeman's conviction and order a new trial. Therefore, the conviction was not against the manifest weight of the evidence. See State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541; State v. Allen (1990), 69 Ohio App.3d 366,590 N.E.2d 1272. Accordingly, we overrule Freeman's third assignment of error.
{¶ 13} In his fourth assignment of error, Freeman contends that the trial court erred in ordering him to serve the maximum sentence. The trial court found that Freeman posed the greatest likelihood of recidivism, as required by R.C. 2929.14(C) to support the imposition of the maximum term. The court based this finding on Freeman's lengthy criminal record and his lack of remorse. Consequently, the court made the required finding to justify the imposition of the maximum sentence and adequately stated its reasons for making that finding. See State v.Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110, 715 N.E.2d 131; State v.Parsons (Nov. 26, 1999), 1st Dist. No. C-980900.
{¶ 14} However, the record shows that the trial court failed to verbally inform Freeman at the sentencing hearing that he could be subject to post-release control and what the ramifications would be for violating a condition of post-release control, as required by R.C.2929.19(B)(3). See State v. Hoffert, 1st Dist. No. C-020168, 2002-Ohio-6243; State v. Brown, 1st Dist. Nos. C-020162, C-020163 and C-020164, 2002-Ohio-5893. Consequently, we must vacate the sentence imposed by the trial court and remand the case for resentencing. In all other respects, the trial court's judgment is affirmed.
{¶ 15} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Doan and Winkler, JJ.