OPINION
{¶ 1} This matter is before the court on the Notice of Appeal of Anthony Wilson, filed July 26, 2005. On August 13, 2004, Wilson was indicted for escape, a felony of the third degree, after he broke detention that resulted from a conviction for carrying a concealed weapon in violation of R.C. 2923.12(A). A trial was held on March 28 and 29, 2005. During jury deliberations, the trial court received a communication from the jury stating in part, "We are currently hung." The trial court read additional instructions to the jury pursuant to section 415.50, paragraphs one and two of Ohio Jury Instructions, and the jury then continued deliberations. The trial court later received another communication from the jury stating, "We are hung and won't change." The trial court discharged the jury and declared a mistrial. The record reveals that the jury deliberated in total for approximately three and a half to four hours. Following a second trial, on May 23 and 24, 2005, Wilson was found guilty of escape.
 {¶ 2} Wilson's sole assignment of error is as follows:
 {¶ 3} "THERE WAS NO MANIFEST NECESSITY TO ORDER A MISTRIAL AND THEREFORE THE STATE'S SUBSEQUENT PROSECUTION OF APPELLANT VIOLATED THE DOUBLE JEOPARDY CLAUSE OF THE FEDERAL AND OHIO CONSTITUTION"
 {¶ 4} "[T]he law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes * * *." U.S. v. Perez (1824), 22 U.S. 579,580, 9 Wheat 579, 6 L.Ed. 165. "In evaluating whether the declaration of a mistrial was proper in a particular case, [courts have] declined to apply inflexible standards, due to the infinite variety of circumstances in which a mistrial may arise. * * * [T]he trial judge is in the best position to determine whether the situation in his courtroom warrants the declaration of a mistrial. * * * In examining the trial judge's exercise of discretion in declaring a mistrial, a balancing test is utilized, in which the defendant's right to have the charges decided by a particular tribunal is weighed against society's interest in the efficient dispatch of justice." State v. Glover,35 Ohio St.3d 18, 19, 517 N.E.2d 900. "It is an accepted tenet of constitutional law that where, as here, a criminal trial ends in a hung jury and a mistrial is declared, the Double Jeopardy Clause is not a bar to a retrial of the cause, provided the `manifest necessity' test of United States v. Perez" is met.State v. Davidson, Hamilton App. Nos. C-820647, C-820677, C-820678. The issue of a double jeopardy bar to a second prosecution must be raised in the second prosecution through a pretrial motion. Crim.R. 12(C)(1).
 {¶ 5} Wilson argues that the trial court declared a mistrial prematurely, less than thirty minutes after it charged the jury pursuant to State v. Howard (1989), 42 Ohio St.3d 18, and in doing so abused its discretion. We disagree. The trial judge was in the best position to determine if a mistrial was warranted; the jurors informed him that they could not and would not agree after the additional instruction was given. In other words, the "manifest necessity" test of United States v. Perez is met. We find no abuse of discretion.
 {¶ 6} Davenport did not object to the court's declaration of a hung jury, nor was a claim of double jeopardy raised before the second trial. Davenport, however, argues the second trial was barred since the trial judge committed plain error in the first instance. The record does not demonstrate plain error, as the jury was deadlocked. Thus, Davenport cannot show any prejudice or abuse of discretion. Judgment affirmed.
Grady, P.J. and Brogan, J., concur.