JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} The sole assignment of error in this appeal by the state of Ohio is that the court abused it discretion by dismissing the indictment against defendant-appellee Artis Mattison with prejudice on grounds that the state provoked a mistrial. We find that the court did not abuse its discretion by declaring a mistrial, so we affirm.
 I {¶ 2} The facts are uncontested. The state charged Mattison with two counts of felonious assault. During trial, the victim told the jury that he had been shopping at a convenience store. When he exited the store, Mattison struck him with a brick. The victim's head hit a wall, opening a cut that required stitches.
 {¶ 3} On cross-examination of the victim, defense counsel asked the victim whether Mattison was often in the area of the store, the victim replied, "Artis is in that area every day. Seven days a week, 24 hours a day." On redirect examination of the victim, the prosecuting attorney asked, "Mr. Smith, you said that Artis Mattison is always around this corner store 24 hours a day, seven days a week?" When the victim agreed that he so testified, the prosecuting attorney asked, "What did you mean by that?" The victim replied, "he's a drug dealer." *Page 4 
 {¶ 4} Mattison asked the court to declare a mistrial on grounds that the state deliberately elicited that response from the victim because it knew in advance what answer the victim would give. The court noted that the state's case had been "going south" and that the state must have known what the answer would be, such that it could only be presumed to have asked the question in order to provoke Mattison's motion for a mistrial.
 II {¶ 5} In State v. Glover (1988), 35 Ohio St.3d 18, 19, the supreme court noted its rejection of "inflexible standards" for reviewing declarations of mistrials, stating, "[t]his court has * * * adopted an approach which grants great deference to the trial court's discretion in this area, in recognition of the fact that the trial judge is in the best position to determine whether the situation in his courtroom warrants the declaration of a mistrial." It adopted a balancing test "in which the defendant's right to have the charges decided by a particular tribunal is weighed against society's interest in the efficient dispatch of justice." Id. (Citations omitted.)
 {¶ 6} "The test for prosecutorial misconduct is whether the conduct complained of deprived the defendant of a fair trial." State v.Fears, 86 Ohio St.3d 329, 332, 1999-Ohio-111, citing State v.Apanovitch (1987), 33 Ohio St.3d 19, 24. The court found that the state's question to the victim about the meaning *Page 5 
of his statement that Mattison hung around the store "24 hours a day, seven days a week," was an attempt to paint Mattison as a drug dealer, despite that fact being irrelevant to the case. This question arguably violated Evid. R. 404(B)'s proscription against the use of irrelevant evidence because testimony about Mattison's alleged drug dealing constituted "[e]vidence of other crimes, wrongs, or acts" offered to prove Mattison's character in order to show that action in conformity therewith. This constituted misconduct.
 III {¶ 7} The state's misconduct, standing alone, did not constitute a basis for dismissing the indictment. Maple Heights v. Redi Car Wash
(1988), 51 Ohio App.3d 60, 62. A court may not dismiss an indictment with prejudice unless the defendant is denied a constitutional or statutory right which would itself bar prosecution. See State v.Sutton (1979), 64 Ohio App.2d 105, 108.
 {¶ 8} When a mistrial is declared without a defendant's consent, the defendant is "deprived of his option to go to the first jury, and perhaps, end the dispute then and there with an acquittal." UnitedStates v. Jorn (1970), 400 U.S. 470, 484. Unless there is manifest necessity for a mistrial or the ends of public justice would be defeated, the Double Jeopardy Clause prevents the mistrial of a defendant unless the defendant consents to the declaration of a mistrial. Arizona v. Washington (1978), 434 U.S. 497, 505-506. *Page 6 
 {¶ 9} There is an exception to this rule, however, in cases in which the state provoked the defendant to move for mistrial. Oregon v.Kennedy (1982), 456 U.S. 673, 675-676. "Only where the prosecutorial conduct in question is intended to `goad' the defendant into moving for a mistrial may defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion."State v. Loza, 71 Ohio St.3d 61, 70, 1994-Ohio-409.
 {¶ 10} The court found that the state knowingly provoked the victim to make a statement about Mattison's alleged drug dealing in order to salvage a case that had been "going south." The victim had significant credibility issues. For example, the victim testified that he was disabled and prevented from working, but testified that he had stopped at the convenience store after getting off work. The victim testified that he worked and was paid "under the table" in cash, but that he did not consider that "employment." The victim denied being classified as an alcoholic, but stated that he had been in "treatment" once because "I felt I was going too far with it." Although he said he was "in the program now" he did not explain why he had purchased beer before being struck by Mattison. He said that Mattison struck him because Mattison thought he had called Mattison's mother a "bitch," but he denied ever provoking Mattison and claimed that he had never spoken to Mattison about the mother. *Page 7 
 {¶ 11} These facts convince us that the court did not abuse its discretion by dismissing the indictment with prejudice because the state's misconduct denied Mattison a constitutional right that would bar reprosecution. The trial court found that the state's question about why Mattison hung around the convenience store served no other purpose than to elicit a response that Mattison was a drug dealer. The prosecuting attorney admitted as much, saying that while he "truly wanted to know what was going on there" with respect to the victim's statement about Mattison being at the store "24 hours a day, seven days a week," he knew that the jury could make an inference about drug dealing "if they want." In fact, the state told the court that even if the court had sustained an objection to the question, the jury could have made an inference from the question itself that Mattison was a drug dealer. This meant that the state knew that the question would lead the jury to conclude that Mattison was a drug dealer, regardless of whether the victim actually answered it. There being no benign purpose for the state's question, the court did not abuse its discretion by finding that the state engaged in trial by innuendo, thus goading Mattison's motion for a mistrial. This action violated Mattison's rights under the Double Jeopardy Clause, and justified the dismissal of the indictment with prejudice. The assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., CONCURS.
FRANK D. CELEBREZZE, JR., J., DISSENTS WITH OPINION.