[Cite as *State v. Shellhouse*, 2014-Ohio-1823.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13CA59 |
| | : | |
| KEITH SHELLHOUSE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Richland County Court
of Common Pleas Case Nos. 2012 CR
552H & 2012 CR 233H


JUDGMENT:                   AFFIRMED


DATE OF JUDGMENT ENTRY:     April 23, 2014


APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

LINDA MAJESKA POWERS                    WILLIAM C. FITHIAN, III
SPECIAL PROSECUTOR                      111 N. Main St.
RICHLAND COUNTY                         Mansfield, OH 44902
30 E. Broad St., 14th Floor
Columbus, OH 43215

*Delaney, J.*

{¶1} Appellant Keith Shellhouse appeals from the June 10, 2013 Sentencing Entries of the Richland County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} Appellant operated a classic car restoration business in Richland County, Ohio. This case arose when appellant accepted a number of cars for restoration and did little or none of the work but kept the owners' money, car parts owners provided, and in some cases, even the vehicles.

{¶3} A number of witnesses testified they found advertisements for appellant's business through internet searches or in car magazines. Customers provided their vehicles to appellant along with substantial down payments and continued to make installment payments. Inevitably it became clear appellant was not completing the work on the vehicles; some were parked in fields with weeds growing through them. Despite demands by customers to complete the work or return the vehicles, appellant did neither. Some customers took civil action against appellant and obtained default judgments.

{¶4} In one case, Kyle Margolan brought appellant his 1967 Ford Mustang for restoration and appellant sold the vehicle without authorization to do so. Appellee presented evidence appellant sent notice to Margolan at a Michigan address in the process of transferring title despite knowing Margolan lived in Florida.

{¶5} Appellant was charged under two separate case numbers; the first case addressed appellant's aggregate failure to complete work on a number of vehicles and his unauthorized sale of Margolan's Mustang. The second case addressed falsification

of reports connected with the theft of the Mustang. The two cases were consolidated for trial.

{¶6} In Case Number 12-CR-233, appellant was charged by indictment with one count of theft pursuant to R.C. 2913.02(A)(2) in an amount greater than $150,000 but less than $750,000, a felony of the third degree; and one count of theft of a motor vehicle pursuant to R.C. 2913.02(A)(1), a felony of the fourth degree.

{¶7} In Case Number 12-CR-552, appellant was charged by indictment with one count of falsification of report of motor vehicle pursuant to R.C. 2921.13(A)(9), a felony of the fourth degree, and one count of tampering with records pursuant to R.C. 2913.42(A)(1), a felony of the third degree.

{¶8} Appellant filed a motion to suppress and appellee responded with a memorandum in opposition. The trial court overruled the motion to suppress on October 16, 2012.

{¶9} Appellant entered pleas of not guilty and the case proceeded to trial by jury. Appellant was found guilty as charged and was sentenced to an aggregate prison term of 48 months.

{¶10} Appellant appeals from the judgment entry of his convictions and sentence.

{¶11} Appellant raises three assignments of error:

**ASSIGNMENTS OF ERROR**

{¶12} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO CLARIFY ISSUES THAT WERE CONFUSING TO THE JURY. THE COURT WAS AWARE OF THE COMPLEXITY OF THE CASE BUT FAILED TO GIVE A JURY

INSTRUCTION EXPLAINING THE DIFFERENCE BETWEEN (A) CIVIL AND CRIMINAL LIABILITY, AND (B) THE BURDENS OF PROOF IN CIVIL AND CRIMINAL CASES."

{¶13} "II.  SENTENCING PROCEDURE WAS INADEQUATE AS A MATTER OF LAW AS THE COURT FAILED TO TAKE THE FACTORS CONTAINED IN OHIO REVISED CODE SECTION 2929.12 UNDER CONSIDERATION."

{¶14} "III.  THE TRIAL COURT'S ADMISSION OF TESTIMONY BY WITNESS, GARY BISHOP, THAT APPELLANT ASSAULTED HIM WAS IRRELEVANT, UNSUBSTANTIATED BY ANY CHARGES OR POLICE REPORTS, AND PREJUDICIAL TO APPELLANT."

**ANALYSIS**

I.

{¶15} In his first assignment of error, appellant argues the trial court erred in its instructions to the jury because the trial court did not adequately explain the difference between civil and criminal burdens of proof and civil and criminal liability.  We disagree.

{¶16} The trial court instructed the jury upon the difference in the burden of proof in a civil case versus a criminal case during the testimony of one of the customers who obtained a civil judgment against appellant.  (T. 256-258).  No objection was made to the instruction.  At the conclusion of the case, the trial court instructed the jury upon the standard of proof necessary to establish reasonable doubt in a criminal case.  (T.1088-1089). No objection was made to the jury instruction.

{¶17} Crim.R. 30(A) states:  "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury

retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." We therefore review this issue for plain error.

{¶18} Pursuant to Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The rule places several limitations on a reviewing court's determination to correct an error despite the absence of timely objection at trial: (1) "there must be an error, i.e., a deviation from a legal rule," (2) "the error must be plain," that is, an error that constitutes "an 'obvious' defect in the trial proceedings," and (3) the error must have affected "substantial rights" such that "the trial court's error must have affected the outcome of the trial." *State v. Dunn*, 5th Dist. Stark No. 2008-CA-00137, 2009-Ohio-1688, citing *State v. Morales*, 10 Dist. Franklin Nos. 03-AP-318, 03-AP-319, 2004-Ohio-3391, at ¶ 19 (citation omitted).

{¶19} The decision to correct a plain error is discretionary and should be made "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240 (2002), quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. The Ohio Supreme Court has noted "* * * an erroneous jury instruction 'does not constitute a plain error or defect under Crim.R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise." *State v. Cooperrider*, 4 Ohio St.3d 226, 227, 448 N.E.2d 452 (1983), citing *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978).

{¶20} We have reviewed the record of this case and find the evidence of appellant's guilt to be substantial. We find the trial court's instruction did not rise to level

of plain error because the outcome of the trial would not have been otherwise absent the instruction.  See, *State v. Broucker*, 5th Dist. Stark No. 2007CA00315, 2008-Ohio-2946, ¶ 38.  Multiple witnesses testified to the same pattern of conduct by appellant: he accepted their classic cars and their money, and failed to do the work, sometimes failing to even return the cars.

{¶21} Appellant's first assignment of error is overruled.

II.

{¶22} Appellant withdrew his second assignment of error at oral argument.  The second assignment of error is therefore overruled.

III.

{¶23} In his third assignment of error, appellant argues testimony by a witness regarding appellant's alleged assaults required the trial court to grant a mistrial.  We disagree.

{¶24} In the midst of voluminous nonresponsive narrative testimony, a witness stated he eventually removed a car from appellant's shop after appellant "had assaulted [him] a couple of times."  Appellant objected and the objection was overruled.  The witness then testified, again in nonresponsive narrative testimony, appellant pushed him off a snowmobile in Michigan during an excursion and police were called.  No objection was made.  Upon cross examination, defense trial counsel then questioned the witness about his problems with appellant during the trip to Michigan, inviting more nonresponsive narrative testimony with the question "What was that about?"  (T. 684). During a recess, appellant moved for a mistrial and the trial court overruled the motion.

{¶25} Appellant now argues he is entitled to a new trial on the basis of the evidence of the alleged assaults. In *State v. Ahmed*, 103 Ohio St.3d 27, 42, 2004-Ohio-4190, 813 N.E.2d 637, the Ohio Supreme Court noted:

> The determination of whether to grant a mistrial is in the discretion of the trial court. *State v. Glover* (1988), 35 Ohio St.3d 18, 19, 517 N.E.2d 900; *State v. Brown,* 100 Ohio St.3d 51, 2003-Ohio-5059, 796 N.E.2d 506, ¶ 42. "[T]he trial judge is in the best position to determine whether the situation in [the] courtroom warrants the declaration of a mistrial." *Glover,* 35 Ohio St.3d at 19, 517 N.E.2d 900; see, also, *State v. Williams* (1995), 73 Ohio St.3d 153, 167, 652 N.E.2d 721. This court will not second-guess such a determination absent an abuse of discretion.

{¶26} We have reviewed the record and the circumstances did not warrant a mistrial. The facts of the snowmobiling incident in Michigan and the overall dispute between the witness and appellant were uttered briefly and spontaneously on direct examination; the incident was then explored in more detail on cross-examination by defense trial counsel, presumably to establish bias in appellee's investigation and prosecution of appellant because the witness was an assistant county prosecutor. Appellant now asserts summarily he is entitled to a new trial on the basis of this evidence, but the doctrine of invited error holds that a litigant may not "take advantage of an error which he himself invited or induced." *State v. Campbell*, 90 Ohio St.3d 320, 324, 738 N.E.2d 1178 (2000), citing *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.*, 28 Ohio St.3d 20, 502 N.E.2d 590, paragraph one of the syllabus.

{¶27} We further find, in light of the exhaustive, voluminous evidence presented at this trial, mention of an alleged assault and even repeated discussion of the snowmobiling incident was not prejudicial to appellant in the context of the entire trial.

{¶28} We find no abuse of discretion in the trial court's decision not to grant a mistrial.  Appellant's third assignment of error is overruled.

## CONCLUSION

{¶29} Appellant's three assignments of error are overruled and the judgment of the Richland County Court of Common Pleas is affirmed.

By:  Delaney, J. and

Gwin, P.J.

Wise, J., concur.